Norman J. MILLER, Plaintiff, Appellant,

v.

SPECTOR FREIGHT SYSTEMS, INC., Defendant, Appellee.

No. 6738.

United States Court of Appeals First Circuit.

Heard Sept. 14, 1966.

Decided Sept. 21, 1966.

ing. For this he cites Humphrey v. Moore, 1964, 375 U.S. 335, 84 S.Ct. 363, 11 L.Ed.2d 370, and Republic Steel Corp. v. Maddox, 1965, 379 U.S. 650, 85 S.Ct. 614, 13 L.Ed.2d 580. We do not find this broad position supported by these decisions, or by any other. Cf. Haynes v. United States Pipe & Foundry Co., 5 Cir., 1966, 362 F.2d 414. See also Reeves v. Tarvizian, 1 Cir., 1965, 351 F.2d 889. Appellant had no contractual right not to be discharged except insofar as the collective bargaining agreement gave it to him. Unless he can show the arbitrator had no jurisdiction of this particular dispute, or some improper conduct, as in *Humphrey*, he must take the entire contract, including the arbitration provisions.

Affirmed.

---

David Burres, Springfield, Mass., for appellant.

Gerald Gillerman, Boston, Mass., with whom Slater & Goldman, Boston, Mass., was on brief, for appellee.

Before ALDRICH, Chief Judge, McENTEE and COFFIN, Circuit Judges.

### OPINION OF THE COURT.

#### PER CURIAM.

Appellant employee contends, despite a provision in a collective bargaining agreement making the decision of arbitrators final and binding, that he may sue his employer under Labor Management Relations Act § 301, 29 U.S.C. § 185, to contest his discharge even though the arbitrator found that the discharge was for good cause. He does not allege improper conduct by anyone with respect to the arbitration, or inadequate representation by the union. He merely contends that after the arbitrator's adverse decision he is entitled to a judicial hear-