Guille, Appellant, *v.* Mushroom Transportation Company.

Argued December 2, 1966. Before BELL, C. J., MUS-MANNO, JONES, EAGEN, O'BRIEN and ROBERTS, JJ.

*Murray Powlen,* for appellant.

*Nathan L. Posner,* with him *Jay G. Ochroch, Israel Packel,* and *Fox, Rothschild, O'Brien & Frankel,* for appellee.

OPINION BY MR. JUSTICE ROBERTS, May 24, 1967:

Appellant, John W. Guille, an employee of the Mushroom Transportation Company, Inc., was dis-charged by the company in December 1962 for alleged excessive absenteeism. At the time of his discharge, appellant's employment relationship was controlled by a labor agreement between Teamster's Local 107 and an employer association of which the Mushroom Trans-portation Company was a member. Under this agree-ment the company could discharge an employee only for "just cause." Article VIII of the agreement set forth a detailed grievance procedure to be followed in the event of a dispute and provided that, if the inter-mediate processes did not resolve the differences, the dispute was to be submitted to one of several named

arbitrators. Appellant, claiming that his discharge was not for just cause, unsuccessfully sought his reinstatement by resorting to Article VIII, including the arbitration proceeding.

Following the arbitrator's decision sustaining the company's discharge, appellant filed this suit in equity against the Mushroom Transportation Company, again seeking his reinstatement. The court below dismissed appellant's suit on the ground that it had no authority to adjudicate the dispute de novo and that appellant's only recourse was to challenge the arbitrator's award by filing a motion to vacate under the Act of April 25, 1927, P. L. 381, §10, 5 P.S. §170. Although we do not believe that the Act of 1927 is relevant to this case,[1] nevertheless the court's decree must be affirmed.

Appellant urges that the decision of the court below refusing to entertain his claim de novo is in conflict with §301 of the Labor Management Relations Act, 29 U.S.C. §185. The company-appellee is engaged in interstate commerce and therefore it concedes, as it must, that this controversy is controlled by federal common law of labor relations,[2] but contends there is no conflict between the decision below and federal law.

Since under federal law the parties are free to choose or reject arbitration as a means of settling la-

---

[1] The Act of 1927 is, with one exception, applicable only when the parties have indicated an intent to be bound by its terms. *John A. Robbins Co. v. Airportels, Inc.*, 418 Pa. 257, 210 A. 2d 896 (1965). Since the parties made no reference to the Act of 1927 either in their agreement or during the course of the arbitration, the rules governing common law arbitration are applicable, Ibid., except to the extent that these rules themselves have been pre-empted by federal common labor law. See *Vaca v. Sipes*, 386 U.S. 171, 191, 87 S. Ct. 903, 917-919 (1967).

[2] *Smith v. Evening News Ass'n*, 371 U.S. 195, 83 S. Ct. 267 (1962); *Textile Workers Union v. Lincoln Mills*, 353 U.S. 448, 77 S. Ct. 912 (1957).

bor disputes,[3] we must initially determine whether Article VIII's arbitration clause was intended by the parties to be a final determination of the merits. Great stress is placed by appellant upon the fact that while each of the four intermediate grievance procedures are declared to be "final and binding" unless the aggrieved party registers a protest within a specified time period,[4] the decision of the arbitrator is not explicitly referred to as being a final and binding one. We find this omission to be without significance. To begin with, common sense indicates there would be no need for the drafters to label the last step "final and binding," unless, as is the case with the steps preceding arbitration, they envisioned the aggrieved party obtaining a further review of the merits by filing objections within a specified time period. More importantly, both federal and state cases are in accord that "unless they are restricted by the submission [agreement], the arbitrators are the final judges of both law and fact and their award will not be disturbed for a mistake of either." *Newspaper Guild v. Philadelphia Daily News, Inc.*, 401 Pa. 337, 346, 164 A. 2d 215, 220 (1960); accord, *Goldstein v. I.L.G.W.U.*, 328 Pa. 385, 196 Atl. 43 (1938); *United Steelworkers v. Warrior & Gulf Nav. Co.*, 363 U.S. 574, 581-83, 80 S. Ct. 1347, 1352-53 (1960); *United Steelworkers v. American Mfg. Co.*, 363 U.S. 564, 567-68, 80 S. Ct. 1343, 1346 (1960); *Smith v. Union Carbide Corp.*, 350 F. 2d 258 (6th Cir. 1965).

---

[3] *Republic Steel Corp. v. Maddox*, 379 U.S. 650, 85 S. Ct. 614 (1965); *United Steelworkers v. Warrior & Gulf Nav. Co.*, 363 U.S. 574, 80 S. Ct. 1347 (1960).

[4] Under the labor agreement the union representative had the power to terminate the grievance proceeding at any time even if this meant abandoning the member's grievance. Of course, the union's power in this regard was subject to a good faith limitation. *Vaca v. Sipes*, 386 U.S. 171, 87 S. Ct. 903 (1967); *Humphrey v. Moore*, 375 U.S. 335, 84 S. Ct. 363 (1964).

Finally, any doubt must be resolved against appellant's reading. *Republic Steel Corp. v. Maddox,* 379 U.S. 650, 659, 85 S. Ct. 614, 619 (1965).

Although appellant's breach of contract claim is dependent upon his union membership and the terms of the collective bargaining agreement, he nonetheless argues that *Republic Steel Corp. v. Maddox,* supra, guarantees him the right to sue his employer for breach of contract once he has attempted to obtain redress under the contract grievance procedures agreed upon by the union and his employer. Id. at 652, 85 S. Ct. at 616. However, *Vaca v. Sipes,* 386 U.S. 171, 87 S. Ct. 903 (1967), decided after the arguments in this case, not only compels the conclusion that appellant's reliance upon *Maddox* is misplaced but is also dispositive of the issue before us. Id. at 183-195. See also *Haynes v. United States Pipe & Foundry Co.,* 362 F. 2d 414 (5th Cir. 1966).

In *Vaca,* the employee was also protected by the collective bargaining agreement from being discharged except for just cause. In that case the employee, following a sick leave, was refused reinstatement and was eventually discharged by the employer on grounds of poor health. Claiming he had medical evidence to prove his physical fitness, he sought the union's aid in securing reinstatement. Although the union processed the claim through several steps of the grievance procedure, it chose not to submit the claim to arbitration because a subsequent examination, conducted at the union's request, did not support the employee's contention. When the union persisted in its refusal to submit the case to arbitration, the employee, alleging a breach of the union's duty, brought a §301 suit against it. The United States Supreme Court held federal labor law would not permit recovery under the facts of the case.

612

In so holding the Court did recognize the right of the individual employee, under certain limited conditions, to obtain judicial review of his breach of contract claim despite his failure to obtain relief by resorting to the prescribed grievance procedures, even though the claim itself is necessarily predicated upon the union contract. See 386 U.S. at 182-189. In the passage most pertinent to the instant case, the Court expressed the view that "the wrongfully discharged employee may bring an action against his employer *in the face of a defense based upon the failure to exhaust contractual remedies, provided the employee can prove that the union as bargaining agent breached its duty of fair representation in its handling of the employee's grievance.*" Id. at 186. (Emphasis supplied). A fortiori, the employee is barred from bringing a suit when, as in the instant case, the union in good faith has exhausted the contractual remedies on his behalf.

This is a run of the mill labor dispute where the grievance procedure specified by the contract provided a result unsatisfactory to the employee. Dissatisfaction with the result, however, does not entitle him to a second chance. *Miller v. Spector Freight Systems, Inc.,* 366 F. 2d 92 (1st Cir. 1966); *Haynes v. United States Pipe & Foundry Co.,* supra; see *Vaca v. Sipes,* 386 U.S. at 190-93, 87 S. Ct. at 917-918.

Decree affirmed. Each party to pay own costs.

Mr. Justice COHEN took no part in the consideration or decision of this case.