**Cornelius C. O'SULLIVAN, Plaintiff,**

v.

**GETTY OIL COMPANY, Defendant.**
**Civ. A. No. 67–736–F.**

United States District Court
D. Massachusetts.
Feb. 20, 1969.

James T. Grady, Boston, Mass., for plaintiff.

Joseph F. Ryan, Edward J. Duggan, Lyne, Woodworth & Evarts, Boston, Mass., for defendant.

## OPINION

FRANCIS J. W. FORD, District Judge.

Plaintiff brings this action under § 301(a) of the Labor Management Relations Act of 1947, 29 U.S.C.A. § 185(a), to recover $1400 in severance pay. Refusal of defendant to pay is alleged to have violated a collective bargaining agreement in effect between defendant and Orange & Black Associates, Inc., a labor organization of which plaintiff was a member and which at all times material was the collective bargaining representative of employees of Tidewater Oil Company.[1]

Prior to January 3, 1967 plaintiff was an employee of defendant for over 18 years. In 1966 he was employed at the Revere plant. On October 10, 1966 plaintiff entered the hospital for an operation. His hospitalization and subsequent convalescence continued until January 3, 1967, on which date his doctor certified he was fit to return to work. During this period he received from defendant sick pay benefits, holiday pay and continued accrual of vacation benefits.

Defendant sold its Revere Terminal as of October 31, 1966 and since that date has conducted no business there. Employees at the plant were given an opportunity to elect to continue their employment with defendant at its East Providence plant or to be laid off effective Oc-

---

1. Tidewater Oil Company has since been merged into Getty Oil Company, defendant here.

tober 31, 1967 and to receive severance pay beginning from that date if otherwise eligible under defendant's Severance Pay Plan.

Plaintiff up until January 3, 1967 took no positive step to make any election as to his future employment status. On two occasions he talked with defendant's operations manager and told him he would not be in a position to make a decision until he was well enough to return to work. On January 3, 1967 he gave defendant written notice that he elected to terminate his employment with full severance pay.

Defendant refused to pay the severance pay. Its position is that as of October 31, 1966 plaintiff must be considered to have terminated his employment, or else to have continued as an employee of defendant at East Providence. Under the first of these alternatives he would have been entitled to severance pay, but not to the sick pay he received. Since the sick pay received is more than the severance pay to which he would have been entitled, the company owes him nothing. Under the other alternative, his action on January 3 was a voluntary relinquishment of his job at East Providence, and not a termination for lack of work at the place where he was employed, and hence he is entitled to no severance pay under the plan.

Article XVI of the collective bargaining agreement between defendant and the union provides that any difference arising between the company and an employee with respect to the interpretation and application of the provisions of the agreement shall constitute a grievance to be handled in accordance with the grievance procedure set forth in the article, with provision for ultimate reference to arbitration by either party.

Plaintiff filed a grievance based on the refusal to pay severance pay, and the various steps of the grievance procedure were unsuccessfully followed by the union up to the point where the next step was a request for arbitration. At this point the union voted not to take the grievance to arbitration. The stated reason for this action was that the membership felt that the chances of achieving a satisfactory result in arbitration were somewhat limited and that this factor, when taken together with the fact that plaintiff was no longer either an employee of defendant or a member of the union did not warrant the expenditure of the considerable time, money and effort that processing the case to arbitration would involve. The parties here have stipulated that: "Orange & Black's refusal to take plaintiff's grievance to arbitration was not a breach of its duty of fair representation nor was said decision arbitrary, capricious or based upon ill will toward the plaintiff."

This case raises the question of when an employee subject to a collective bargaining agreement providing for binding determination of employee grievances under the contract by a grievance procedure can nevertheless litigate his claim of contract violation against his employer in an action under § 301(a).

It is clear on the one hand that where the grievance procedure, including the final arbitration has been fully carried out in good faith by the union, the employee is bound by an unfavorable result, and cannot relitigate his claim in a § 301 suit. Miller v. Spector Freight Systems, Inc., 1 Cir., 366 F.2d 92. It is also clear that the employee cannot entirely by-pass the grievance procedure, and resort directly to a § 301 suit. In general he must at least attempt to use the contract grievance procedure before resorting to court action. Republic Steel Corp. v. Maddox, 379 U.S. 650, 85 S.Ct. 614, 13 L.Ed.2d 580.

On the other hand it has been held that an individual employee may recover against his employer in an action under § 301 where the employer repudiates the contractual provisions for grievance settlement or where the union has failed, in bad faith, or through arbitrary or discriminatory conduct to properly represent the employee by processing his grievance in good faith. Vaca v. Sipes, 386 U.S. 171, 87 S.Ct. 903, 17 L.Ed.2d

842; Desrosiers v. American Cyanamid Company, 2 Cir., 377 F.2d 864.

■ This case presents the situation where the employee has resorted to the contract grievance procedure, where he has carried it through as far as he could, and where failure to take the matter to the final step of arbitration is due solely to the discretionary decision of the union, which was admittedly made in good faith.

It would appear that the ruling must be that in these circumstances the employee has no right to bring this action under § 301. Vaca v. Sipes, *supra*, involved a similar situation in which the union refused to take a grievance to arbitration. Although the specific question before the court in that case was whether the employee could recover damages from the union for breach of its duty of fair representation, the whole question of the rights of the employee in such a situation was fully discussed. It seems clearly to have been the view of the court that in the absence of bad faith or arbitrary or discriminatory conduct on the part of the union, the employee is bound by the results of the grievance procedure, even where the union in good faith does not carry it through all possible steps. What was said as to the disruptive effect on the machinery provided by the contract for settlement of disputes of allowing an individual employee to compel a union to take his grievance to arbitration regardless of the merits, would apply equally to a rule permitting the employee to disregard the good faith determination of the union not to arbitrate, and thereafter prosecute his claim in the courts in disregard of the contract settlement machinery.

■■ Congress, of course, in enacting the Labor Management Relations Act has set up a system in which to some extent the interests of particular individuals are subordinated to the interests of the group both at the contract negotiation stage and thereafter. Acuff v. United Papermakers and Paperworkers, 5th Cir. 1968, 404 F.2d 169. Congress has ex-

pressed its view that "Final adjustment by a method agreed upon by the parties is declared to be the desirable method for settlement of grievance disputes arising over the application or interpretation of an existing collective-bargaining agreement." 29 U.S.C. § 173(d). The employee asserting a claim based on the collective bargaining contract must take the contract as he finds it, including its provisions for the settlement of grievances. Miller v. Spector Freight Systems, *supra*. He is, of course, entitled to be represented in good faith by his union. It is to protect this right that he is given the right to sue his employer under § 301 when the union fails to afford him representation in good faith. But the rationale of those cases affords no warrant for holding that he should be further entitled to sue whenever the union in good faith decides his claim does not warrant prosecution to the fullest extent possible under the grievance machinery.

In Boone v. Armstrong Cork Company, 5 Cir., 384 F.2d 285, the court, in discussing the right of an employee to sue where the union has failed to invoke arbitration, said at page 292, footnote 10, "A pre-requisite to a § 301(a) suit in such a case is allegation and proof that the union arbitrarily, discriminatorily or in bad faith failed to exhaust the contractual procedure."

In Acuff v. United Papermakers and Paperworkers, *supra*, a somewhat analogous situation was involved. There the union had brought the action to compel arbitration of a dispute. Arbitration was ordered and resulted in a decision unfavorable to certain of the employees involved. The court rejected the contentions of these disappointed employees that when the union in good faith decided not to contest the award in the district court, they should be allowed to intervene individually and file motions to vacate the award.

Plaintiff relies on Republic Steel Corp. v. Maddox, *supra*, and Smith v. Evening News Association, 371 U.S. 195, 83 S.Ct. 267, 9 L.Ed.2d 246. *Maddox*, of course, was concerned directly only with an em-

ployee who made no attempt at all to utilize the contract's grievance procedures and did not purport to deal with the sort of situation involved here. *Smith* was concerned with the question of whether an individual employee had any right to sue under § 301 or whether such a suit could be brought only by the union. In the light of later decisions, and particularly of Vaca v. Sipes, *supra,* neither case affords any support for plaintiff's contentions.

Judgment will be issued for defendant dismissing the complaint.