**Jerry R. COMEAUX**

v.

**CONROY, INC., et al.**

**Civ. A. No. 74–40.**

United States District Court,
M. D. Louisiana.

Sept. 27, 1974.

Jules B. LeBlanc, III, Thomas H. Hudson, LeBlanc & Brinkley, Baton Rouge, La., for plaintiff.

John W. Haygood, Jones, Walker, Waechter, Poitevent, Carrere & Denegre, New Orleans, La., for United Artists, Inc., Eon Productions, Ltd. and Emotion Pictures, Inc.

John S. White, Jr., Kennon, White & Odom, Baton Rouge, La., for Conroy, Inc.

Robert J. Vandaworker, Taylor, Porter, Brooks & Phillips, Baton Rouge, La., for Outboard Marine Corp.

E. GORDON WEST, District Judge:

This case is before this Court on motion of defendants EON Productions, Ltd. (EON), Emotion Pictures, Inc. (Emotion), and United Artists, Inc. (UA), to require plaintiff to submit this matter to arbitration and to stay these proceedings pending such arbitration. The defendant, EON Productions, Ltd. (EON), and plaintiff, Jerry R. Comeaux, entered into a contract whereby plaintiff was to act as a stunt man or "stunt coordinator" for the filming of the motion picture "Live and Let Die." This contract adopted by reference the provisions of the collective bargaining agreement entered into between the

Screen Actors Guild, plaintiff's bargaining agent, and the producer, EON. During the course of production, plaintiff performed a stunt which involved what is alleged to be a world record boat jump. The plaintiff, in this suit, alleges that the defendants entered into an arrangement without his consent, referred to in the motion picture industry as a "commercial tie-up," which allowed the manufacturer, whose product was used in the jump, to use portions of the film in the advertising of its product. Plaintiff contends that this violated Section 22 of the Collective Bargaining Agreement which provides that "No part of the photography or sound track of an actor shall be used other than in the picture for which he was employed, without separately bargaining with the actor and reaching an agreement regarding such use." Plaintiff seeks damages for breach of contract, invasion of privacy, and infringement of property rights, together with injunctive relief.

After carefully considering the record and the briefs of the parties, together with an examination of the applicable law, this Court concludes that plaintiff contractually bound himself to attempt settlement of this dispute through the conciliation and arbitration provisions of the collective bargaining agreement (Codified Basic Agreement of 1967) in force between Screen Actors Guild, Inc. (SAG), plaintiff's exclusive bargaining agent, and the producer, EON, before bringing suit thereon. The pertinent arbitration provisions read as follows:

"9. ARBITRATION

"Disputes shall be arbitrable only as hereinafter in this Section set forth.

\* \* \* \* \* \*

"C. Individual Disputes between Player and Producer

"Subject to the provisions of subsections A and B above, only the following disputes between a player and Producer are arbitrable:

(1) As to a \* \* \* stunt man, \* \* \* any dispute involving the interpretation \* \* \* or an alleged breach of a term or condition of the player's contract \* \* \* and all disputes arising under the applicable terms of the collective bargaining agreement relating to such player."

These provisions of the SAG collective bargaining agreement regarding arbitration were incorporated by reference into plaintiff's free lance contract with the producer, EON, by the following language:

"3. BASIC CONTRACT. All provisions of the collective bargaining agreement between Screen Actors Guild, Inc. and Producer, relating to theatrical motion pictures, which are applicable to the employment of the Player hereunder, shall be deemed incorporated herein."

\* \* \* \* \* \*

"8. ARBITRATION OF DISPUTES. Should any dispute or controversy arise between the parties hereto with reference to this contract, or the employment herein provided for, such dispute or controversy shall be settled and determined by conciliation and arbitration in accordance with the conciliation and arbitration provisions of the collective bargaining agreement between the Producer and Screen Actors Guild relating to theatrical motion pictures, and such provisions are hereby referred to and by such reference incorporated herein and made a part of this Agreement with the same effect as though the same were set forth herein in detail."

The plaintiff is bound by these contractual agreements.

Since this suit was brought under this Court's diversity jurisdiction, 28 U.S.C.

§ 1332, we need not consider the issue of whether plaintiff's exclusive bargaining agent, SAG, breached its duty of fair representation toward him in order to give him standing to bring this suit individually, Harris v. Chemical Leaman Tank Lines, 437 F.2d 167 (CA 5–1971); Vaca v. Sipes, 386 U.S. 171, 87 S.Ct. 903, 17 L.Ed.2d 842 (1967), but it is for the Court to decide whether or not the plaintiff's grievance is subject to arbitration. United Steelworkers v. Warrior & Gulf Nav. Co., 363 U.S. 574, 80 S.Ct. 1347, 4 L.Ed.2d 1409 (1960); John Wiley & Sons, Inc. v. Livingston, etc., 376 U.S. 543, 84 S.Ct. 909, 11 L.Ed.2d 898 (1964); Jefferson City Cabinet Co. v. International U. of E., R. & M.W., 313 F.2d 231 (CA 6–1963).

■ This Court is satisfied that this dispute is arbitrable, that plaintiff must at least attempt to resolve it through the contractually provided remedies of conciliation and arbitration, and that these proceedings should be stayed pending the outcome of arbitration proceedings. There is nothing in the record to indicate that the applicants for this stay order, EON, Emotion, or UA, have been in "default" in seeking arbitration. Carolina Throwing Co. v. S & E Novelty Corp., 442 F.2d 329 (CA 4–1971); Batson Y. & F.M.Gr., Inc. v. Saurer-Allma GmbH-Allgauer M., 311 F.Supp. 68 (D.C.S.C.1970). No prejudice has resulted to plaintiff since he has yet to seek arbitration.

By the very terms of his contract plaintiff bound himself to pursue the conciliation and arbitration provisions of the SAG Agreement if a contract dispute arose.

In Vaca v. Sipes, supra, the Supreme Court said that:

"Since the employee's claim is based upon breach of the collective bargaining agreement, he is bound by terms of that agreement which govern the manner in which contract rights may be enforced. For this reason, it is settled that the employee must *at least*

*attempt* to exhaust exclusive grievance and arbitration procedures established by the bargaining agreement. Republic Steel Corp. v. Maddox, 379 U.S. 650, 85 S.Ct. 614, 13 L.Ed.2d 580." (Emphasis supplied.) 87 S.Ct. at 914.

In Harris v. Chemical Leaman Tank Lines, Inc., supra, the Court stated that:

"The individual employee who claims a violation by his employer of the collective bargaining agreement is bound by the terms of that agreement as to the method of enforcing his claim. Vaca v. Sipes, supra; Miller v. Spector Freight Systems, 366 F.2d 92 (CA 1–1966)." 437 F.2d at 170.

In Haynes v. United States Pipe & Foundry Co., 362 F.2d 414 (CA 5–1966), the Fifth Circuit stated:

"The common theme of these cases is that when a dispute arises within the scope of a collective bargaining agreement, the parties are relegated to the remedies which they provided in their agreement." 362 F.2d at 416, 417.

While the above cited cases involved claims under § 301 of the Labor-Management Relations Act of 1947, 29 U.S.C. § 185(a), the language used is pertinent here.

■ The Court must further conclude that the claims set forth in the complaint, namely, breach of contract, invasion of privacy, and infringement of property rights, are inextricably intertwined in that the validity of the latter two claims (asserted against all defendants) necessarily hinge upon the validity of the former, which involves an interpretation of the provision of the collective bargaining agreement relating to "reuse of photograph or sound track."

If upon conciliation or arbitration of the breach of contract dispute, it should be determined that no breach occurred, then the claims for invasion of privacy and infringement on property rights would necessarily fall, since the Producer would have been within his rights in using the film segments to promote the movie "Live and Let Die" through use

of "commercial tie-ups" with defendants Conroy, Inc. and Outboard Marine Corporation. But if it be found upon conciliation or arbitration that conditions of the collective bargaining agreement incorporated by reference into plaintiff's contract were breached, then these other claims asserted against all defendants could be prosecuted further.

 Opposition is made to the motion to stay these proceedings on two grounds: (1) that plaintiff's complaint seeks injunctive relief, and (2) the complaint involves rights of both Producer and the player "in or to or with respect to the use of the player's name, voice, or likeness." Thus it is urged that this subject matter is expressly excluded from arbitration by Sections 9(A) & (H) of the 1971 Supplement.

Section 9(A) provides:

"Disputes involving or relating to injunctive relief are not arbitrable."

However, plaintiff seeks no injunctive relief against the Producer, EON, but against defendants Conroy and Outboard, who are not affected by the terms of this provision, and cannot invoke its application to prevent conciliation or arbitration of the principal claim here, namely, breach of contract.

Section 9(H) of the 1971 Supplement provides:

"In no case may any arbitration hereunder or any award therein affect any rights of the Producer or player in or to or with respect to the results and proceeds of the player's services or in or to or with respect to the use of the player's name, voice or likeness."

This provision does not prohibit arbitration. In fact, it recognizes that arbitration may be required. A stay order pending arbitration will not affect "any rights of the Producer or player in or to or with respect to the use of the player's name, voice, or likeness." Pending the outcome of either conciliation or arbitration, these proceedings should be stayed, and it will be so ordered.