439 A.2d 183

**Garfield HUGHES, Appellant,**

v.

**YELLOW FREIGHT SYSTEM, INC.**

Superior Court of Pennsylvania.

Submitted Sept. 23, 1981.

Filed Dec. 29, 1981.

William M. Overton, Jr., Harrisburg, for appellant.

Thomas B. Schmidt, III, Harrisburg, for appellee.

Before BROSKY, McEWEN and BECK, JJ.

BROSKY, Judge:

Appellant, Garfield Hughes, and appellee, Yellow Freight System, Inc., entered into a motor carrier lease agreement which the parties agree is governed by the National Master Freight Agreement and Eastern Area Iron and Steel Rider. Appellant commenced this action to recover damages for what he claims was a breach of the contract by appellee. Appellee filed a motion for summary judgment which was granted as to appellant's complaint. This appeal followed. We affirm.

Pa.R.C.P. 1035 governs motions for summary judgment and provides in relevant part,

> (a) After the pleadings are closed, but within such time as not to delay trial, any party may move for summary judgment on the pleadings, depositions, answers to interrogatories, admissions on file and supporting affidavits, if any.

> (b) ... The judgment sought shall be rendered if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.

Our Court has explained the principles to be followed in ruling on a motion for summary judgment as follows:

> The burden of demonstrating that a genuine issue of material fact exists and that one is entitled to a judgment as a matter of law, is on the moving party, and the record must be examined in the light most favorable to the non-moving party.

> \* \* \* \* \* \*

> ... Finally, a summary judgment should be granted only when the case is clear and free from doubt.

*Amabile v. Auto Kleen Car Wash,* 249 Pa.Super. 240, 376 A.2d 247 (1977), *Aimco Imports Ltd. v. Industrial Valley Bank and Trust Company,* 291 Pa.Super. 233, 435 A.2d 884 (1981).

In *Amabile,* supra, we explained that to grant a motion for summary judgment made by a defendant, it must either refute a material allegation in the complaint or present a complete defense. Id., 249 Pa.Super. at 147, 376 A.2d at 250.

Appellee, the defendant below, sought summary judgment on the grounds that the issue raised in appellant's complaint was previously and finally determined by a grievance committee in proceedings also initiated by appellant. Because of the earlier ruling, appellee argues, there remains no material issue of fact.

The dispute underlying this suit stems from the deduction of monies by appellee from lease income owed to Hughes. Appellee made the deductions and additional charges claiming that appellant was responsible for cargo loss suffered while he was operating his vehicle pursuant to the lease agreement with appellee. The loss occurred on July 14, 1976. Appellee began making the deductions on August 15, 1976. Grievance procedure were pursued, culminating in a ruling by the Central Pennsylvania Joint Area Grievance Committee which was expressed as follows:

> Award: Based on the evidence presented the claim of the employee he was not responsible for the damage to a shipment of refractory brick he transported and should not be responsible for nor pay for the damage to the shipment is denied.

The trial court dismissed appellant's complaint saying that the Committee's decision was plainly a finding that the deductions had been made upon proof of gross negligence by appellant.[1]

---

1. An addendum to the lease agreement provides that payment will be reduced for cargo claims in accordance with the labor contract [addendum to Exhibit B, 2(c)]. Article 10 of the labor contract states that "Employees shall not be charged for loss or damage unless clear proof of gross negligence is shown."

In *Teamsters Local Union No. 30 v. Helms Express, Inc.*, 591 F.2d 211 (3rd Cir.1979), the Third Circuit Court of Appeals affirmed the dismissal of a complaint which sought to have set aside an award of the Eastern Conference Joint Area Committee (ECJAC). The court explained that Joint Committee awards are reviewed under the same standards as binding arbitration awards.[2] Id. at 216 (citing cases). Citing one of its earlier decisions, the Third Circuit wrote,

> It is not arbitration per se that federal policy favors, but rather final adjustment of differences by a means selected by the parties. If the parties agree that a procedure other than arbitration shall provide a conclusive resolution of their differences, federal labor policy encourages that procedure no less than arbitration. A determination made pursuant to that chosen procedure is no less enforceable in a federal court than is an arbitration award.[3]

*United Mine Workers of America, District No. 2 v. Barnes & Tucker Co.*, 561 F.2d 1093, 1096 (3d Cir.1977). Id. at 216.

■ A labor arbitration award that is properly based on the applicable collective bargaining agreement and is thus within the boundaries of the arbitrator's jurisdiction is entitled to finality and is not subject to review on the merits. *Hart v. Overseas National Airways Inc.*, 541 F.2d 386 (3rd Cir.) (1976). See also, *Helms*, supra.

■ Appellant seeks to avoid the strictures placed on review of committee decisions by arguing that he is not seeking review of the decision, but relief for a breach of contract. Specifically, he contends that the deduction of monies prior to a finding of gross negligence by the committee constituted a breach of contract. This question while

2. The litigants in *Helms* were also parties to the National Master Freight Agreement.

3. Appellee, Yellow Freight, is engaged in interstate commerce. The federal policy as to labor arbitration awards therefore governs this case. See *Guille v. Mushroom Transportation Company*, 425 Pa. 607, 229 A.2d 903 (1967).

not specifically addressed in the committee decision was clearly within the purview of their review. Appellant contested the deductions and his claim was denied. As to the issues raised in the complaint, the committee decision is final and binding. We cannot permit appellant to circumvent the clear federal policy favoring final resolution of labor disputes by means of procedures chosen by the parties.

Order affirmed.