Phaff, Appellant, *v.* Gerner.

Argued April 17, 1972.  Before JONES, C. J., EAGEN, O'BRIEN, ROBERTS, POMEROY, NIX and MANDERINO, JJ.

reargument refused May 11, 1973.

*Edward Unterberger,* with him *Gold, Bowman & Korman,* for appellant.

*Arsen Kashkashian, Jr.,* with him *Simons, Kashkashian, Nissenbaum & Kellis,* for appellees.

OPINION BY MR. JUSTICE MANDERINO, March 16, 1973:
The appellant, Samuel Phaff, appeals from a decree granting summary judgment to the appellees, George Gerner and Dorothy Gerner.  The appellant was the

proposed purchaser and the appellees were the proposed sellers of real estate located at 9218 Ashton Road in Philadelphia, Pennsylvania. The agreement between the parties provided for payments totaling $5,000 prior to the settlement date, and for payment of the balance of the $53,000 at the time of settlement. The $5,000 was paid by the appellant to the appellees. Settlement, originally scheduled for December 4, 1970, was rescheduled by mutual agreement and was to take place on or before January 18, 1971. Time was of the essence of the agreement.

January 15, 1971 at 1:00 p.m., was eventually set as the settlement time and date at the office of the Commonwealth Land Title Insurance Company in Philadelphia, Pennsylvania. Settlement, however, did not occur.

Appellant's complaint in equity alleged the above facts and further alleged that appellant *presented* to the title officer at settlement funds sufficient to meet the balance due. Appellees' answer denied that the appellant presented the balance due at the time of settlement. The answer further alleged that the appellant was not present at settlement and did not deposit the balance due with the title officer.

Thus, the pleadings raised a genuine issue of fact as to whether the appellant timely met his obligation to tender the balance due at the time of settlement. Appellees then moved for summary judgment and filed the supporting affidavit of the title officer present at the settlement. The appellant did not present any supporting affidavits in response to appellees' motion for summary judgment.

The title officer's affidavit stated that "At no time did Samuel Phaff appear, deposit any monies as required by Arsen Kashkashian's letter of instructions, or complete settlement in any way." Arsen Kashkashian was appellee's attorney, and the letter referred to was at-

tached to, and a part of, the title officer's affidavit. That letter dated January 14, one day prior to settlement, instructed the title officer to deliver the appellees' executed deed for the property to the grantee, Samuel Phaff, upon receipt of the balance due. The letter stated ". . . said sum must be given to you unconditionally and be in the form of cash or a certified check . . ." The letter further requested that the appellee's deed be returned if the required consideration was not received by the title officer.

The lower court accepted the facts contained in the title officer's affidavit as true and concluded that the appellant failed to proceed in accordance with the contract and, thus, breached the contract. Appellees' motion for summary judgment was granted.

The entry of summary judgment by the lower court was proper. The facts contained in the title officer's affidavit were not disputed by any opposing affidavit filed by the appellant. In the absence of any such opposing affidavit, the lower court was bound under Rule 1035 of the Pennsylvania Rules of Civil Procedure to conclude that there was no genuine issue as to any of the material facts contained in the title officer's affidavit filed by the appellees.

The allegation in appellant's complaint that the balance due was presented at the time of settlement did not properly raise a genuine issue of material fact. Once a motion for a summary judgment is made, a party may not rely on the controverted allegations of the pleadings.

Rule 1035 (d) provides: ". . . When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of his pleading, but his response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary

judgment, if appropriate, shall be entered against him."

The above rule specifically prohibited the appellant from relying on any allegations in the complaint. The purpose of a motion for summary judgment under Rule 1035 is to expedite the trial of a matter. Controverted facts that appear in the pleadings can be verified by either side by persons who would be competent to testify at the trial of the matter. Supporting affidavits, after a motion for summary judgment, are acceptable as proof of facts. Pleadings are not. Thus, under Rule 1035 (d) there are strict requirements concerning affidavits which are used in support of a motion for summary judgment. That Rule provides: ". . . Supporting and opposing affidavits shall be made on *personal knowledge,* shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein.". . . (Emphasis supplied.)

The very strict requirements for an affidavit which supports a summary judgment are not the requirements that control a pleading. Under Rule 1023 of the Pennsylvania Rules of Civil Procedure, allegations contained in a pleading are made according to the ". . . knowledge, information and belief" . . . of the person signing the complaint. A pleading may be signed by a person who does not have personal knowledge of the facts, and who would not be competent to testify concerning the facts in the pleading.

In considering a motion for summary judgment under Rule 1035, a court may rely on the pleadings for uncontroverted facts but must ignore the pleadings as to controverted facts. Rule 1035 (d) of the Pennsylvania Rules of Civil Procedure was taken verbatim from Federal Rules of Civil Procedure 56 (e). The Advisory Committee on the Federal Rule commented as follows on the purposes of the last two sentences of the Rule:

". . . A typical case is as follows: A party supports his motion for summary judgment by affidavits or other evidentiary matter sufficient to show that there is no genuine issue as to a material fact. The adverse party, in opposing the motion, does not produce any evidentiary matter, or produces some but not enough to establish that there is a genuine issue for trial. Instead, the adverse party rests on averments of his pleadings which on their face present an issue. . . . The very mission of the summary judgment procedure is to pierce the pleadings and to assess the proof in order to see whether there is a genuine need for trial. The . . . doctrine, which permits the pleadings themselves to stand in the way of granting an otherwise justified summary judgment, is incompatible with the basic purpose of the rule. . . ." Federal Rules of Civil Procedure, Rule 56, Notes of Advisory Committee on 1963 Amendment, 28 U.S.C.A. 416.

A motion for summary judgment under Rule 1035 would be a useless procedural appendage if a court were required to deny such a motion because the original pleadings raised a genuine issue of material fact. Issue of facts in the pleadings are significant only when there are no supporting affidavits before the court. *Coal Operators Casualty Company v. C. T. Easterby & Co.,* 440 Pa. 218, 269 A. 2d 671 (1970); *Legman v. Scranton School District,* 432 Pa. 342, 247 A. 2d 566 (1968); *Mallesky v. Stevens,* 427 Pa. 352, 235 A. 2d 154 (1967); *Linwood Harvestore, Inc. v. Cannon,* 427 Pa. 434, 235 A. 2d 377 (1967); *Mather Estate,* 410 Pa. 361, 189 A. 2d 586 (1963); *Adams v. Speckman,* 385 Pa. 308, 122 A. 2d 685 (1956); *London v. Kingsley,* 368 Pa. 109, 81 A. 2d 870 (1951); *Cary v. Lower Merion School District,* 362 Pa. 310, 66 A. 2d 762 (1949). The lower court properly refused to allow the appellant to rely on his pleading rather than submit opposing affidavits.

Although a court under Rule 1035 must ignore controverted facts appearing only in the pleadings, under

the Rule all facts must be considered which are contained in the pleadings and affidavits and which are not controverted by opposing pleadings or affidavits. We have, therefore, examined all uncontroverted facts contained in the pleadings and the title officer's affidavit.

These uncontroverted facts establish that at the time and place arranged for settlement there appeared one, Harry D. Toben and his wife, Frances Toben. Harry Toben represented that he and his wife were assignees of the appellant and that he, Harry Toben, was dealing on his own behalf for himself and his wife and that title was to be conveyed to them as tenants by the entireties. Harry Toben deposited with the title officer sufficient funds to meet the balance due under the agreement between the appellant and the appellees. No conveyance was made to the Tobens and the Tobens subsequently filed a complaint in equity against the appellees requesting specific performance. Preliminary objections filed by the appellees were sustained because under the circumstances the assignment was not binding on the sellers.

The above uncontradicted facts did not preclude the lower court from entering summary judgment against the appellant and in favor of the appellees. They do not establish that the appellant or anyone acting legally on his behalf attended the settlement and made a valid tender. These facts do not establish any agency relationship between the appellant and the Tobens, nor did they establish any power of attorney held by the Tobens for the benefit of the appellant. These uncontradicted facts are that the Tobens demanded a conveyance as assignees and their claim as assignees was specifically rejected in the equity suit which the Tobens commenced and which was dismissed after preliminary objections by the appellees. None of these uncontradicted facts establish that the appellant made a valid tender at the time and place of settlement.

The appellant has also claimed that a settlement did not take place between the Tobens and the appellees because the appellees failed to comply with a condition in the agreement stating that a sewer was available to the site. This matter is immaterial since the appellees had no legal obligation to settle with the Tobens. The reason why such a settlement did not take place is, therefore, not relevant to the dispute between the appellant and the appellees. Neither the appellant nor any person validly acting on his behalf ever made a valid tender of the balance due under the agreement of sale under which time was of the essence.

The remaining question is whether the appellant's failure to make a timely tender was legally excusable because, as was alleged in the complaint, a sewer was not available to the site. This allegation in the complaint raised an issue of fact because the allegation was specifically denied by appellees' answer. Since the affidavit in support of the motion for summary judgment presented by the appellees was silent as to this matter, the issue remains in dispute. A dispute, however, as to whether the seller of real estate can perform at settlement is not relevant if the buyer fails to make a tender. An agreement of sale to purchase real estate which provides that time is of the essence of the agreement will not be enforced in equity, where the purchasers did not make a tender on the day named for conveyance, even though the purchaser alleges that the seller could not convey good title to the purchaser at the designated time. *McKuen v. Serody*, 269 Pa. 284, 112 A. 460 (1921) and *Mansfield v. Redding*, 269 Pa. 357, 112 A. 437 (1921). See Restatement of Contracts §250-251 (1932).

The lower court granted appellees' motion for summary judgment because the appellant never appeared at the settlement and never made a tender of the balance due under the agreement. Under these facts, the ap-

154

pellees' motion for summary judgment was properly granted under Rule 1035 of the Pennsylvania Rules of Civil Procedure.

Decree affirmed. Each party to pay own costs.