Commonwealth of Pennsylvania, Pennsylvania Public Utility Commission, Plaintiff *v.* William B. Tenny, Defendant. Hampden Water Co. and Shirley Tenny, Parties Defendant.

Argued December 8, 1976, before President Judge BOWMAN and Judges CRUMLISH, JR., KRAMER, WILKINSON, JR., MENCER, ROGERS and BLATT.

*William T. Hawke,* Assistant Counsel, with him *Michael Kerrigan,* Assistant Counsel, *George Kashi,* Assistant Counsel, and *Edward J. Morris,* Counsel, for plaintiff.

No appearance for defendant.

OPINION BY JUDGE MENCER, February 8, 1977:

On August 10, 1970, the Pennsylvania Public Utility Commission (Commission) issued an order opening an investigation, pursuant to Article X of the Public Utility Law, Act of May 28, 1937, P.L. 1053, *as amended* (Act), 66 P.S. §1391 et seq., as to whether the water service facility owned and operated by William B. Tenny (Tenny) constituted a de facto public utility in violation of the Act. Following a hearing, the Commission issued an order, on July 26, 1971, finding Tenny's water service facility to be a de facto public utility subject to state regulation and requiring Tenny to (1) file with the Commission, within 30 days, an application for a certificate of public convenience to furnish water service to the public and (2) continue to provide adequate service to all customers, up-

on payment of the monthly charges which Tenny was making, as of July 26, 1971. This order was not appealed.

Thereafter, on August 6, 1971, upon application by the Commission, this Court issued a temporary injunction compelling Tenny to provide water service to certain individuals who had been, or were at that time, threatened with a discontinuance of service. Subsequently, this action was discontinued as a result of a compromise agreement. On October 7, 1971, pursuant to the compromise agreement, Tenny, through his then counsel, filed an application on behalf of Hampden Water Company for a certificate of public convenience. This application was in accord with the provisions of Section 203 of the Act, 66 P.S. §1123. Following a hearing held by the Commission on January 3, 1972, the application of Hampden Water Company for a certificate of public convenience was approved by order of the Commission under date of May 15, 1972.

On December 9, 1971, in the name of Tenny (Ridgeland Water Facility), a tariff of rates for water services was filed with the Commission. However, Tenny has persistently denied any knowledge of or consent to the filing of this tariff which he contends included a schedule of rates wholly without relation to the value or operating cost of his water service facility. Tenny asserts that it was his belief that a tariff rate in accordance with the proposed schedule of rates included in paragraph 9 of his application on behalf of Hampden Water Company for a certificate of public convenience was the applicable schedule of rates for water service. Thus resulted a disagreement between Tenny and the Commission as to the proper tariff to be implemented by the Hampden Water Company. Subsequently, Tenny filed a tariff on July 31, 1974,

to be effective July 1, 1974. However, on August 10, 1974, the Commission returned Tenny's tariff filed on July 31, 1974, stating that it was not filed in accordance with the Commission's tariff regulations. The Commission specifically noted in its letter of rejection that the document was defective because it contained an improper effective date of July 1, 1974, since Section 308 of the Act, 66 P.S. §1148, provides that "no public utility shall make any change in any existing and duly established rate, except after sixty days' notice to the commission" and because the tariff did not contain the supporting data required by the Commission's tariff regulations.[1] The same tariff was refiled twice by Tenny, together with documents supporting the validity of the original filing but each time was returned by the Commission for the same reasons as previously stated.

On October 16, 1974, the Commission filed a complaint in equity seeking a temporary restraining order prohibiting Tenny from interrupting water service to any of the customers of the Hampden Water Company for nonpayment of bills computed pursuant to the proposed tariff increase filed with the Commission on July 31, 1974. This Court entered a temporary restraining order on October 16, 1974, and, after hearing on October 21, 1974, entered an order continuing the preliminary injunction enjoining Tenny in accord with the prayer for relief contained in the Commission's complaint.

On May 8, 1975, the Commission filed a motion to amend its complaint in equity to (1) add the Hampden Water Company, Shirley Tenny, and the Ridgeland Water Facility as defendants and (2) allege pre-

---

[1] *Rules and Regulations Governing the Filing, Content and Posting and other Matters Pertaining to Tariffs of Public Utilities Other than Common Carriers*, Section IV, 52 Pa. Code §53.1 et seq.

vious and distinct violations of the Public Utility Law and the Commission's regulations. On May 14, 1975, Tenny filed objections to the Commission's motion to amend its complaint. This Court, on June 18, 1975, issued an order granting the Commission's motion to amend its complaint by adding Hampden Water Company and Shirley Tenny as party defendants and overruled defendant's objections to the motion to amend. On June 26, 1975, the Commission filed its amended complaint, to which the defendants filed preliminary objections which were overruled by order of September 4, 1975.

On November 24, 1975, the defendants filed a petition to dismiss the amended complaint, and on December 15, 1975 the Commission filed a motion for summary judgment.[2] Oral argument was heard by the Court en banc on the petition to dismiss the amended complaint and the motion for summary judgment on December 8, 1976, and both matters are before us for disposition.

The long and tortuous litigation that has developed during the past 5 years between Tenny and the Commission involves simply the question as to what rate the Hampden Water Company may properly charge its customers for the water service being provided. Tenny asserts that the Hampden Water Company is entitled to charge $65 per quarter to each customer since this was not only the rate proposed in his tariff of July 31, 1974, but also is in accord with the rate set forth in paragraph 9 of his application for a certificate of public convenience submitted to the Com-

---

[2] The defendants, on February 2, 1976, filed a petition in the United States District Court for the Middle District of Pennsylvania for removal of the plaintiff's cause of action to that Court pursuant to 28 U.S.C. §1441. The District Court subsequently remanded the case to this Court.

mission on October 7, 1971. However, the Commission contends that the proper schedule of charges for water service is $3.50 per month for a family of four or less and a 25-cent additional charge for each person in the household in excess of four. The Commission argues that this tariff was filed with them on December 9, 1971, being the same tariff which Tenny denies any knowledge of, or consent to, its filing. The dispute is intensified by the fact that Tenny attempted to file tariffs on three occasions, the first being on July 31, 1974, and that all three tariffs were rejected by the Commission for the reasons that the effective date of the proposed tariffs was improper and that the tariffs did not contain the supporting data required by the Commission's tariff regulations.

This Court has repeatedly endeavored to persuade the Commission and the Tennys to discuss and resolve their differences of viewpoints so that a fair and equitable rate for water services could be approved by the Commission and thereby insure a fair return to Tenny and uninterrupted water service to the customers of Hampden Water Company. We have implored in vain and therefore are forced to rule on the petition and motion presently before us for disposition.

We cannot grant the Tennys' petition to dismiss the Commission's amended complaint which is foundationed upon the Tennys submitting bills for payment to customers computed on a rate schedule which has not been properly filed with the Commission and which is in contravention of Section 303 of the Act, 66 P.S. §1143.[3] It is obvious that the necessary tar-

---

[3] The pertinent portion of Section 303 reads as follows:

No public utility shall, directly or indirectly, by any device whatsoever, or in anywise, demand or receive from any person, corporation, or municipal corporation a greater or

iff has not been filed because the Tennys refuse to submit the supporting data required by the Commission's tariff regulations, and their continuing unwillingness to do so forecloses any possibility for the effective filing of new tariff rates with the Commission. Accordingly, since the Tennys insist upon billing their customers at rates not properly filed with the Commission, the complaint in equity filed by the Commission in response to the Tennys' billing practices will not be dismissed.

Turning our attention to the Commission's motion for summary judgment, we are mindful that such a motion is designed to provide for the prompt determination of questions of law. *Phaff v. Gerner,* 451 Pa. 146, 303 A.2d 826 (1973). Since we conclude that Tenny's tariff submitted on July 31, 1974 did not contain the supporting data required by the Commission's tariff regulations and contained an improper effective date and therefore was properly rejected by the Commission, we have no alternative to granting the motion for summary judgment and issuing a decree granting a permanent injunction against William B. Tenny, Shirley Tenny, and Hampden Water Company, enjoining them from interrupting water service provided to the customers of Hampden Water Company for nonpayment of bills computed pursuant to the proposed tariff increase initially presented to the Commission on July 31, 1974.

### DECREE

Now, this 8th day of February, 1977, William B. Tenny, Shirley Tenny, and Hampden Water Com-

less rate for any service rendered or to be rendered by such public utility than that specified in the tariffs of such public utility applicable thereto then filed in the manner provided in this act.

508

pany's petition to dismiss the amended complaint in equity filed by the Pennsylvania Public Utility Commission in the above captioned case is hereby denied, and the Pennsylvania Public Utility Commission's motion for summary judgment is granted, and it is ordered, adjudged and decreed that William B. Tenny, Shirley Tenny, and Hampden Water Company are hereby permanently enjoined from interrupting water service provided to the customers of Hampden Water Company for nonpayment of bills computed pursuant to the proposed tariff increase initially presented to the Pennsylvania Public Utility Commission on July 31, 1974.