376 A.2d 247

Michael AMABILE and Rose Amabile, Appellants,

v.

AUTO KLEEN CAR WASH, Edwin B. McCoy, Edward M. Kaplan and Ann Kaplan, Erwin Adler and Belle Adler, J. D. Cathcart, Defendants,

and

General Motors Corp. and Shirley Jane Messick, Additional Defendants.

Superior Court of Pennsylvania.

Argued June 16 and Sept. 17, 1976.

Decided June 29, 1977.

Wilbur Greenberg, Philadelphia, for appellants at No. 1448.

Mark D. Seltzer, Philadelphia, for appellants at No. 682.

Leonard S. Lipson, Philadelphia, for appellees at No. 1448.

Joel Feldscher, Philadelphia, for appellees at No. 682.

Before WATKINS, President Judge, and JACOBS, HOFFMAN, CERCONE, PRICE, VAN der VOORT and SPAETH, JJ.

CERCONE, Judge:

Appellants, Michael and Rose Amabile, appeal from orders granting summary judgment in favor of defendant-appellees. Appellants contend that the court below erred in granting the motions for summary judgment under Rule 1035 of the Pennsylvania Rules of Civil Procedure [1] because material issues of fact clearly existed on the record.

On March 10, 1971, plaintiff-appellant, Michael Amabile had his car washed at the Auto Kleen Car Wash in Philadelphia, and then parked it in the vacuum area, provided by appellee, Auto Kleen, for the use of its patrons. As he was leaning over the trunk drying his back window and rear section of his car, he was struck by another automobile driven by Shirley Jane Messick, an additional defendant, causing injuries which form the damages in the instant action. Immediately preceding the accident Ms. Messick had also driven her automobile through the car wash.

On June 25, 1971 the Amabiles filed suit only against Ms. Messick; but, on February 20, 1973, appellants filed a second action against appellees which forms the basis of the instant appeal. The defendants in this action, now the appellees, are Auto Kleen Car Wash; Edwin B. McCoy, owner and operator of Auto Kleen Car Wash; Edward M. Kaplan, Ann Kaplan, Erwin Adler and Belle Adler, owners of real estate on which the car wash was built; and J. D. Cathcart, designer of Auto Kleen Car Wash and the vendor of equipment installed therein. In their complaint, appellants pleaded causes of action in assumpsit, trespass and strict liability in tort against appellee-McCoy trading as Auto Kleen while the other appellees, Edward M. Kaplan, Ann Kaplan, Erwin

1. 12 P.S. Appendix (1967), Pa.R.C.P. 1035.

Adler, Belle Adler, and J. D. Cathcart were sued in trespass only.

Appellants' complaint alleged the above facts and further alleged that appellee-Auto Kleen failed to provide appellant with a safe place to wash his motor vehicle, exposed appellant to danger about which it knew or should have known, failed to take adequate precautions for appellant's safety, and misrepresented the safety and effectiveness of its establishment. As to appellees Edward M. Kaplan, Ann Kaplan, Erwin Adler and Belle Adler, appellant alleged that these appellees, as the owners of the real estate on which the car wash was built, knew or should have known that the operation and construction of the car wash was hazardous to patrons, so that they permitted the car wash to be designed, constructed and operated in a careless manner without due care to the safety of appellant. As to appellee, J. D. Cathcart, appellant alleged that, as the designer of Auto Kleen Car Wash and the vendor of equipment installed therein, Cathcart knew or should have known that the design and operation of the car wash was hazardous to patrons. Appellees filed answers denying all material allegations in the complaint.

## I.

At the close of the pleadings, pursuant to Pa.R.C.P. 1035, Auto Kleen, its owner, and the owners of the real estate on which it is located, moved for summary judgment and supported the motion with depositions of Shirley Jane Messick, Edwin B. McCoy, the owner and operator of Auto Kleen Car Wash, and police officer Joseph Lemerise.[2] Appellants filed an answer to the motion but did not support their answer by either affidavit or deposition. On December 11, 1975, the court below entered an order granting the motion for summary judgment and dismissing the complaint.

Pennsylvania Rule of Civil Procedure 1035(b) provides that summary judgment is to be rendered only if "the

2. Mr. Cathcart also filed a motion for summary judgment which will be separately discussed later in this opinion.

pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." The burden of demonstrating that no genuine issue of material fact exists and that one is entitled to a judgment as a matter of law, is on the moving party, and the record must be examined in the light most favorable to the non-moving party. *Schacter v. Albert*, 212 Pa.Super. 58, 239 A.2d 841 (1968); *Kent v. Miller*, 222 Pa.Super. 390, 294 A.2d 821 (1972). In *McFadden v. American Oil Co.*, 215 Pa.Super. 44, 48–49, 257 A.2d 283, 286 (1969), this court noted:

"In passing upon a motion for summary judgment, the trial court's function is not to decide issues of fact, but solely to determine whether there is an issue of fact to be tried. All doubts as to the existence of a genuine issue of material fact must be resolved against the moving party. . . . Finally, a summary judgment should be granted only when the case is clear and free from doubt." [Citations omitted.]

In the instant case, Auto Kleen, et al., supported their motion for summary judgment with depositions. Once a motion for summary judgment is made in this manner, the non-moving party may not rely on the controverted allegations of the pleadings. *Phaff v. Gerner*, 451 Pa. 146, 303 A.2d 826 (1973). Pa.R.C.P. 1035(d) provides, in pertinent part, that:

"When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of his pleadings, but his response, by affidavit or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, should be entered against him."

Therefore, if the non-moving party does not oppose a properly supported motion for summary judgment with affidavits, depositions, or the like, he may not rely upon his

pleadings to controvert those facts presented by the moving parties' depositions. As our Supreme Court noted in *Phaff v. Gerner, supra,* "[s]upporting affidavits, after a motion for summary judgment, are acceptable as proof of facts. Pleadings are not." 451 Pa. at 150, 303 A.2d at 829.

■ The rationale for requiring affidavits in opposition to a motion for summary judgment can be better understood after examining the reasons for permitting such a motion. Pa.R.C.P. 1035(d) was taken verbatim from the Federal Rules of Civil Procedure 56(c), and an examination of the Advisory Committee comments is helpful in understanding the reasoning behind the Rule:

"A typical case is as follows: A party supports his motion for summary judgment by affidavits or other evidentiary matter sufficient to show that there is no genuine issue as to a material fact. The adverse party, in opposing the motion, does not produce any evidentiary matter, or produces some but not enough to establish that there is a genuine issue for trial. Instead, the adverse party rests on averments of his pleadings which on their face present an issue. . . . *The very mission of the summary judgment procedure is to pierce the pleadings and to assess the proof in order to see whether there is a genuine need for trial.* The . . . doctrine, which permits the pleadings themselves to stand in the way of granting an otherwise justified summary judgment, is incompatible with the basic purpose of the rule. . . ." Federal Rules of Civil Procedure, Rule 56, Notes of Advisory Committee on 1963 Amendment, 28 U.S.C.A. p. 416. [Emphasis added.]

Therefore, although the pleadings may sufficiently state a genuine issue of material fact, a motion for summary judgment "was designed to remedy the situation where there is a sufficiently pleaded but factually improper claim or answer. . . ." *Ritmanich v. Jonel Enterprises, Inc.,* 219 Pa.Super. 198, 203, 280 A.2d 570, 571 (1971).

However, merely because a party does not oppose by affidavit, deposition or the like, a factually supplemented

motion for summary judgment, it does not follow that the motion *must* be granted. The last sentence of Pa.R.C.P 1035(d) provides that if the non-moving party "does not so respond, summary judgment, *if appropriate*, shall be entered against him." [Emphasis added.]

■ Even though the facts presented in depositions in support of a motion for summary judgment must be taken as true when no opposing affidavits, depositions or the like are filed, granting a defendant's motion for summary judgment is never appropriate when depositions filed in support of such motion do not either 1) refute a material allegation in plaintiff's complaint, thus destroying the prima facie case or 2) present a complete defense to the action. As our Supreme Court noted in *Marchese v. Marchese*, 457 Pa. 625, 630, 326 A.2d 321, 323 (1974):

"The mere fact that a party fails to submit counter-affidavits does not automatically render summary judgment appropriate under Rule 1035(d) or *Phaff*. It is preliminarily imperative that the moving party's affidavit evidence clearly dispel the existence of any genuine factual issue as required by Rule 1035(b)."

■ In the case at bar, the motion for summary judgment was supported by three depositions. However, we conclude that the depositions filed do not controvert the allegation, contained in appellant's pleadings that the vacuum machines were negligently placed in an area which exposed appellant to unreasonable danger. The relevant deposition testimony supporting appellee's argument that the placement of the vacuum pumps was not negligent consisted solely of appellee-McCoy's statement that over 200,000 cars had used the car wash without an accident. Although this is some evidence that the vacuum pumps were not negligently placed, it does not preclude a finding that they were. In dismissing a similar argument our Supreme Court noted, in *Cummings ·v. Nazareth Borough*, 427 Pa. 14, 19–20, 233 A.2d 874, 878 (1967):

"The trial court was persuaded into believing there could be no hazard in use of the Nazareth pool because, over a

period of 10 years, there had been a half million admissions into the pool. [Without the occurrence of a similar accident.] Millions of people had safely crossed the Atlantic before the Titanic sailed from Southampton boasting a prodigality of ballrooms, restaurants, orchestras and recreational devices never found aboard theretofore, but this mistress of the seas did not carry enough lifeboats to save from an ice-strewn watery grave the 1517 passengers who had depended upon the ship's owners to manifest as much concern over safety as over sumptuousness. The negligence of the Titanic's owners was as startlingly clear as the iceberg which sank it."

Therefore, even though we must accept all statements of fact in the depositions as true, because no contrary depositions or affidavits were filed by appellants, this statement does not refute the material allegation that the vacuum pumps were negligently placed in an area which exposed appellant to unreasonable danger.

Next, appellees, Auto Kleen, et al., argue that even if the placement of the vacuum pumps was negligent, the proximate cause of the accident was the failure of Ms. Messick's brakes.[3] Appellees, Auto Kleen, et al., contend that since Ms. Messick deliberately drove toward the vacuum pumps, the result would have been the same regardless of their placement. However, we cannot hold, as a matter of law, that a factfinder is prevented from finding that had the pumps been located in a safer location, appellant either would not have been injured, or would not have sustained injuries of the same character and extent. See *Noon v. Knavel*, 234 Pa.Super. 198, 339 A.2d 545 (1975) (plurality opinion by

3. Apparently the lower court also concluded that regardless of the placement of the vacuum pumps the brake failure of Ms. Messick's automobile would be an intervening, superseding cause relieving Auto Kleen, et al., from liability. After summarizing the testimony contained in the depositions, the court noted:

"The only question of fact in this case was whether or not the brakes were working on the car of Shirley Jane Messick and if not, why not. . . .

"The Court failed to see any legal responsibility on the part of the Defendants. . . ."

Judge Hoffman). Moreover, our Supreme Court has specifically noted in *Flickinger Estate v. Ritsky*, 452 Pa. 69, 74, 305 A.2d 40, 43 (1973) that Section 447 of the Restatement of Torts, Second, sets forth the law of Pennsylvania. Section 447 provides:

"Negligence of Intervening Acts.

The fact that an intervening act of a third person is negligent in itself or is done in a negligent manner does not make it a superseding cause of harm to another which the actor's negligent conduct is a substantial factor in bringing about, if

(a) the actor at the time of his negligent conduct should have realized that a third person might so act, or

(b) a reasonable man knowing the situation existing when the act of the third person was done would not regard it as highly extraordinary that the third person had so acted, or

(c) the intervening act is a normal consequence of a situation created by the actor's conduct and the manner in which it is done is not extraordinarily negligent."

As the Court concluded in *Flickinger*:

"What the original actor should have realized and what a reasonable man would say was highly extraordinary are, of course, fact questions which must in .the majority of cases be left to the jury. The Restatement [Second] of Torts, § 453 (1965) (Comment b) makes quite clear this division of responsibility as between court and jury: 'If, however, the negligent character of the third person's intervening act or the reasonable foreseeability of its being done is a factor in determining whether the intervening act relieves the actor from liability of his antecedent negligence, and under the undisputed facts there is room for reasonable difference of opinion as to whether such act was negligent or foreseeable, the question should be left to the jury.'" See also *Bleman v. Gold*, 431 Pa. 348, 246 A.2d 376 (1968).

Therefore, the allegation of negligence in placement of the vacuum pumps presents issues of material fact not sufficiently controverted by the moving parties' depositions so as to justify the lower court's granting the motion for summary judgment. Accordingly the order is reversed.

## II.

On March 19, 1976, the lower court entered an order granting appellee, J. D. Cathcart's motion for summary judgment. Appellee-Cathcart supported his motion for summary judgment with his own deposition. In his deposition Cathcart stated that at no time did he, personally, rather than in his capacity as agent for Clayton Equipment Company, have anything to do with the planning, layout or sale of equipment to the car wash. Therefore, the gist or gravamen of Cathcart's contention is that, even if he were the designer of Auto Kleen Car Wash, the existence of the corporate entity insulates him from liability. *Price Bar, Inc. Liquor License Case*, 203 Pa.Super. 481, 201 A.2d 221 (1964). With this contention we cannot agree. The law of Pennsylvania has long recognized that personal liability can be found against a corporate officer who actually participates in the wrongful, injury-producing act. *Chester-Cambridge Bank & Trust Co. v. Rhodes*, 346 Pa. 427, 31 A.2d 128 (1943). Cathcart testified in his deposition that he took an active part in the selling of the equipment to Auto Kleen Car Wash, and that his relation to the car wash was as an employee of Clayton. It is immaterial that Cathcart, at all times, was acting in his capacity as an agent of Clayton Equipment Company if, in fact, it was Cathcart's negligent design which contributed to appellant's injury. Appellants' theory of liability against Cathcart is not vicariously or derivatively drawn from Cathcart's relationship with Clayton, but rather it is predicated on Cathcart's *personal* involvement, albeit as an agent for Clayton in the negligent design and construction of the car wash. Therefore, summary judgment is only appropriate if the pleadings, depositions, answers to interrogatories, and admissions on file show that

appellee-Cathcart did not personally participate in the design and construction of the car wash. Pa.R.C.P. 1035(b).[4]

■ After careful consideration of the depositions filed in the instant appeal, we conclude that the genuine issues of material fact still exist; that is, whether appellee was involved in the design of the car wash and whether the car wash was designed so as to expose appellant to unreasonable danger.[5] Cathcart's deposition evidences that he, along with one Marvin Cohen, took an active part in the operation of the business of Clayton Equipment Company, and that this participation included obtaining a site for the car wash as well as discussing the operation of the car wash. Moreover, in answering appellee's motion for summary judgment, appellants filed the deposition of Edwin McCoy, who testified that Clayton Equipment Company was actively involved in the selection of the site for the car wash as well as involved in the actual design of the car wash. McCoy also testified that, at all times material to the instant action, he dealt with either Cohen or Cathcart, although he is not certain which of the officer-agents personally participated in the design of the car wash. Appellee's deposition testimony, in direct conflict with McCoy's, was that neither he nor Clayton Equipment Company gave any advice about designing the car wash. Therefore, the depositions filed, both in support and in opposition to appellee's motion for summary judgment, cannot be said to "show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Pa.R.C.P. 1035(b). This is especially true in light of the fact that all doubts

4.  Appellee alleges that, due to appellant's failure to properly answer requests for admissions filed pursuant to Pa.R.C.P. 4014, appellant has admitted that at all times appellee was acting in his capacity as a corporate officer of Clayton. We need not consider this issue in light of the fact that the seminal question is appellee's involvement individually or as an agent of Clayton, not whether or not Clayton would also be liable under the theory of respondeat superior.

5.  See discussion in Part I, supra, for analysis that the allegation of the placement of the vacuum pumps being negligent is still an issue in this action.

must be resolved against the moving party and in favor of appellants. *McFadden v. American Oil Co., supra.*

Therefore, the order of the lower court is reversed as to all appellees and we remand for further proceedings.

WATKINS, President Judge, and PRICE, J., concur in the result.

VAN der VOORT, J., dissents.