459 A.2d 406

**FIRST MORTGAGE COMPANY OF PENNSYLVANIA**

v.

**Marjorie Maree McCALL, also known as Marjorie M. Cavalieri, Appellant.**

Superior Court of Pennsylvania.

Submitted Dec. 6, 1982.

Filed April 22, 1983.

Jonathan DeYoung, King of Prussia, for appellant.

Richard F. Stern, Jenkintown, for appellee.

Before SPAETH, WICKERSHAM and LIPEZ, JJ.

SPAETH, Judge:

This is an appeal from an order granting summary judgment. We affirm.

On February 25, 1980, appellant executed and delivered to appellee, First Mortgage Company of Pennsylvania, a bond and warrant accompanied by a mortgage as collateral security for a loan made by First Mortgage to The Cavalieri Group, Inc., a Pennsylvania corporation. Seven months later Cavalieri failed to pay the monthly installments. Appellant was sent a Notice of Default and Intent to Foreclose. The bond and warrant provided that upon default, the entire unpaid balance of principal and interest would become due and payable immediately, together with late charges and attorney's fees.

First Mortgage filed its complaint on December 10, 1980. In her answer to the complaint appellant responded in numbered paragraphs with merely "correct" or "incorrect." Oral argument was scheduled for July 30, 1981, but appellant failed to appear. Finding no genuine issue of material fact, the lower court granted First Mortgage's motion for summary judgment.

Pa.R.Civ.P. 1035(b) provides that summary judgment will be granted only if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." The moving party has the burden of showing that there is no genuine issue of material fact and that he is entitled to a judgment as a matter of law. The record must be examined in the light most favorable to the non-moving party. *Amabile v. Auto Kleen Car Wash,* 249 Pa.Super. 240, 376 A.2d 247 (1977); *Schacter v. Albert,* 212 Pa.Super. 58, 239 A.2d 841 (1968).

The lower court held that appellant's responses of "incorrect" to paragraphs 4 and 5 of the complaint were general

denials, which under Pa.R.Civ.P. 1029(b) have the effect of admissions. Slip op. at 3. The complaint consisted of five numbered paragraphs. Paragraphs 1 and 2, which appellant admitted were "correct," identified the parties to the action. Paragraph 3, also admitted to be "correct," stated that appellant "made, executed and delivered a Bond and Warrant, inter alia, to plaintiff [First Mortgage] as collateral security for a loan made by plaintiff to The Cavalieri Group, Inc . . . ." Paragraphs 4 and 5, which appellant said in her answer were "incorrect," stated that the loan was in default and listed the balance due as $207,636, to which were added interest of $12,458.16, late charges of $346.06, and attorney's fee of $31,145.40. In a separate paragraph at the end of her answer appellant said: "The court should not allow judgment as requested as the loan was made to The Cavalieri Group, Inc. and no attempt was made to collect the loan from them. The amount of the loan is $100,000 less payments made to date."

■ It is arguable that appellant's final statement represents a specific denial of the amount due, which is a material fact in this case. Pa.R.Civ.P. 126 provides that the rules are to be liberally construed and that the court may disregard a procedural error. However, appellant also failed to answer the motion for summary judgment with an opposing affidavit, as required by Pa.R.Civ.P. 1035(d). The motion for summary judgment was supported by an affidavit of Edward Sickles, President of First Mortgage. Pa.R. Civ.P. 1035(d) provides:

> When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of his pleading, but his response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, shall be entered against him.

In *Amabile v. Auto Kleen Car Wash, supra* 249 Pa.Super. at 245, 376 A.2d at 250, this court stated: "Therefore, if the

non-moving party does not oppose a properly supported motion for summary judgment with affidavits, depositions, or the like, he may not rely upon his pleadings to controvert those facts presented by the moving parties' depositions." *See also, Phaff v. Gerner,* 451 Pa. 146, 303 A.2d 826 (1973). Appellant therefore could not rely on the denial in her answer but was required to submit an affidavit opposing the motion for summary judgment.

■ Despite appellant's failure to submit an opposing affidavit, summary judgment should not be granted unless "the moving party's affidavit evidence clearly dispel[s] the existence of any genuine factual issue as required by Rule 1035(b)." *Marchese v. Marchese,* 457 Pa. 625, 630, 326 A.2d 321, 323 (1974). Here, First Mortgage's affidavit supporting its motion for summary judgment clearly states that the loan was in default, and contradicts appellant's claim that the amount of the loan was "$100,000 less payments made to date." In addition, appellant's claim that The Cavalieri Group was primarily liable and that First Mortgage should have attempted to collect from it before attempting to collect from her is a conclusion of law and not an issue of fact.

■ The lower court correctly held that appellant was primarily liable as a matter of law. Although the loan was in fact made to The Cavalieri Group, appellant signed the bond and warrant as a surety. The Act of July 24, 1913, P.L. 971, § 1, 8 P.S. § 1, provides:

> Every written agreement hereafter made by one person to answer for the default of another shall subject such person to the liabilities of suretyship, and shall confer upon him the rights incident thereto, unless such agreement shall contain in substance the words: "This is not intended to be a contract of suretyship," or unless each portion of such agreement intended to modify the rights and liabilities of suretyship shall contain in substance the words: "This portion of the agreement is not intended to impose the liability of suretyship."

Since here no such modifying statement was contained in the bond and warrant, appellant as a surety became primarily liable for the original undertaking upon Cavalieri's default. *Plummer v. Wilson*, 322 Pa. 118, 185 A. 311 (1936).

■ Finally, appellant claims that "a genuine issue of material fact does exist, and, essentially, it concerns the understanding by the defendant of the underlying nature of the contract." Brief for Appellant at 7. Since appellant does not claim fraud or duress on the part of First Mortgage but only that there was a misunderstanding on her part, in effect she is claiming that there was a unilateral mistake.

> Generally if a mistake is not mutual, but unilateral, and is not due to the fault of the party not mistaken, but to the negligence of the one who acted under the mistake, it affords no basis for relief.... On the other hand, when there is a mistake on one side and fraud on the other, relief is available.... Likewise, irrespective of active fraud, if the other party knows or has good reason to know of the unilateral mistake, relief will be granted to the same extent as a mutual mistake.

> *McFadden v. American Oil Company*, 215 Pa.Super. 44, 53–54, 257 A.2d 283, 288–289 (1969) (citations and footnote omitted). *See also, Herman v. Stern*, 419 Pa. 272, 213 A.2d 594 (1965).

Appellant has failed to support her claim of unilateral mistake with any facts indicating that First Mortgage was responsible for causing or had good reason to know of her misunderstanding. Although appellant was not required to *prove* that that was the case, she was required to set forth facts showing that there was a genuine issue for trial. Pa.R.Civ.P. 1035(d). "Vague conclusions as to 'intentions of the parties' are not sufficient to raise the issue." *McFadden v. American Oil Company, supra* 215 Pa.Super. at 55, 257 A.2d at 289.

The lower court granted judgment in the amount of $223,440.22. Although this amount is less than the amount

requested in the complaint, neither party has questioned it. Therefore, neither shall we.

Affirmed.