## Nationwide Insurance Co. v. Reynolds

C.P. of Fayette County, no. 1610 of 1995, G.D.

*Maria Spina Altobelli,* for plaintiff.
*Arthur P. Tonozzi, Mark B. Morrow* and *S. Asher Winikoff* for defendants.

SOLOMON, *J.,* March 17, 1997—This matter is before the court on the motions for summary judgment filed by the plaintiff, Nationwide Insurance Company, and one of the defendants, Aetna Insurance Company. The plaintiff filed this declaratory judgment action seeking determination of its liability to defend its insured, Richard Reynolds, in an underlying tort claim. The plaintiff also named Aetna Insurance Company as a party defendant. Both Nationwide and Aetna have moved for summary judgment. The motions having been consolidated, oral argument was held and briefs of the parties were submitted and considered.

## DISCUSSION

When passing upon any motion for summary judgment, the court must examine the record in the light most favorable to the non-moving party, giving that party the benefit of all reasonable inferences, and resolving all doubt against the moving party. *Young v. Eastern Engineering & Elevator Co. Inc.,* 381 Pa. Super. 428, 554 A.2d 77 (1989). Summary judgment demands a very high standard of proof and may only be invoked when the pleadings, depositions, interrogatories and admissions on record show that there is no genuine issue as to any material fact; then the moving party is entitled to judgment as a matter of law. Pa.R.C.P. 1035(b), 42 Pa.C.S.; *Philadelphia Musical Academy v. Academy House Inc.,* 345 Pa. Super. 436, 498 A.2d 902 (1985).

Instantly, both movants assert that the relationship between themselves and the defendant, Reynolds, is set forth under their respective insurance contracts.

Given the independent nature of the two contracts, we will address each motion separately.

The plaintiff contends that it issued a standard motor vehicle insurance policy which provides coverage to Reynolds only under circumstances where he would be legally liable as a result of an accident arising out of the ownership, maintenance, use, loading or unloading of the insured vehicle. Based upon this contract, the plaintiff argues that it has no duty to indemnify or defend Reynolds in light of the fact that the underlying tort claim arose when Reynolds intentionally and negligently discharged a firearm into his vehicle, injuring the operator of the vehicle, Edward Jacobs.

As to the defendant, Aetna, it also admits that it issued an insurance policy to the defendant, Reynolds. However, the Aetna insurance was a standard homeowners liability policy. Thus, Aetna argues that it has no duty to indemnify or defend Reynolds based upon a standard vehicle use exclusion. Aetna also argues that the policy specifically excluded coverage for personal liability arising out of, or resulting from, any criminal act or activity or bodily injury which is expected or intended by an act of any insured.

Again, the crucial issue of whether or not the injuries arose out of the use, maintenance, ownership, loading, or unloading of a vehicle is a question of fact precluding summary judgment. Similarly, as to the other contentions of Aetna, a jury must make specific factual determinations.

Giving the defendants, as the non-moving parties, the benefit of all reasonable inferences, and resolving all doubt against the moving parties, it is evident from the record that the high standard imposed against the parties seeking summary judgment has not been met. The first, and basic, requirement for summary judgment is that the motion and the supporting data unequivocally dispels the existence of a triable issue of fact. *Amabile*

*v. Auto Kleen Car Wash,* 249 Pa. Super. 240, 376 A.2d 247 (1977). Furthermore, it must be shown that there is absolutely no doubt as to the nonexistence of a triable issue of fact. *Boyd v. Albert Einstein Medical Center,* 377 Pa. Super. 609, 547 A.2d 1229 (1988).

Here, the moving parties have alleged that Reynolds is not entitled to indemnification and a paid legal defense based upon the respective insurance contracts. While it seems clear that both cannot be liable, due to the mutually exclusive contracts, it is impossible to ascertain liability without specific factual determinations. Therefore, since genuine issues of material fact exist, the motions for summary judgment must be denied.

Wherefore, we will enter the following order.

### ORDER

And now, March 17, 1997, it is hereby ordered and directed that the motion of the plaintiff, Nationwide Insurance Company, for summary judgment be, and the same is, denied.

It is further ordered and directed that the motion of the defendant, Aetna Casualty and Insurance Company, for summary judgment be, and the same is, hereby denied.