# Marshall v. Giachetti

C.P. of Fayette County, no. 1776 of 2004, G.D.

*Charles C. Gentile* and *Valerie M. Schwab,* for plaintiffs.

*Anthony S. Dedola Jr.,* for defendant.

SOLOMON, *J.,* March 1, 2006—This court was asked to consider a motion of the defendant, JoAnn Giachetti, seeking summary judgment. The motion alleged that no genuine issue of material fact existed and that, therefore, the defendant was entitled to judgment as a matter of law. Upon the record, this court granted the motion for summary judgment and the plaintiffs, Linda Marshall and William Marshall, filed an appeal to that order. This opinion is in support of that order of December 12, 2005.

## BACKGROUND

The plaintiffs' complaint arose from a sale of real estate that occurred on April 16, 2004. On that date, the plaintiffs executed a deed which conveyed property, located at 21 Elm Street, Uniontown, Fayette County, Pennsylvania, to the defendant. The consideration stated in the deed was $1. In this complaint, the plaintiffs contend that, in exchange for this conveyance, the defendant orally agreed to care for the plaintiff, Linda Marshall, throughout her recovery from cancer. The plaintiffs then averred that the defendant breached this promise of care and, as a result, the conveyance must be set aside for failure of consideration. The defendant, in her answer, denied that

an oral agreement existed and, although she did provide care for the plaintiff, Linda Marshall, since she was her sister, such care was not consideration for the conveyance of real estate. In her new matter, the defendant raised the Defeasance Act and the Statute of Frauds. She then moved for summary judgment.

## DISCUSSION

Motions for summary judgment are governed by Pa.R.C.P. 1035.2, which provides:

"After the relevant pleadings are closed, but within such time as not to unreasonably delay trial, any party may move for summary judgment in whole or in part as a matter of law:

"(1) whenever there is no genuine issue of any material fact as to a necessary element of the cause of action or defense which could be established by additional discovery or expert report, or

"(2) if, after the completion of discovery relevant to the motion, including the production of expert reports, an adverse party who will bear the burden of proof at trial has failed to produce evidence of facts essential to the cause of action or defense which in a jury trial would require the issues to be submitted to a jury." Pa.R.C.P. 1035.2

The purpose of the summary judgment rule is to eliminate cases prior to trial where a party cannot make out a claim or defense after relevant discovery has been completed. *Miller v. Sacred Heart Hospital,* 753 A.2d 829 (Pa. Super. 2000). It is not the function of the court ruling on a motion for summary judgment to weigh evidence and to determine the truth of the matter. *Keenheel*

*v. Commonwealth of Pennsylvania Securities Commission,* 134 Pa. Commw. 494, 579 A.2d 1358 (1990). Further, summary judgment may only be granted when "the pleadings, depositions, answers to interrogatories, admissions on file, together with any affidavits . . . demonstrate that there exists no genuine issue of fact" and that the moving party is entitled to judgment as a matter of law. *Janson v. Cozen & O'Connor,* 450 Pa. Super. 415, 423, 676 A.2d 242, 246 (1996).

Under Rule 1035.2(2), if a defendant is the moving party, he may make the showing necessary to support the entrance of summary judgment by pointing to materials which indicate that the plaintiff is unable to satisfy an element of his cause of action. *Ertel v. Patriot-News Co.,* 544 Pa. 93, 100, 674 A.2d 1038, 1042 (1996). The non-moving party must adduce sufficient evidence on an issue essential to its case and on which it bears the burden of proof such that a jury could return a verdict favorable to the non-moving party, and may not rest upon the averments contained in its pleadings. *Amabile v. Auto Kleen Car Wash,* 249 Pa. Super. 240, 376 A.2d 247 (1977). The non-moving party must also demonstrate that there is a genuine issue for trial. *Id.,* Pa.R.C.P. 1035.2(2). If the non-moving party fails to satisfy this burden, a genuine issue of material fact does not exist and the moving party is entitled to judgment as a matter of law. *Tenos v. State Farm Insurance Co.,* 716 A.2d 626 (Pa. Super. 1998).

In determining whether summary judgment should be granted, the court must examine the record, viewing any inferences in the light most favorable to the non-moving party, and resolving any doubt against the moving party. *Potter v. Herman,* 762 A.2d 1116 (Pa. Super.

2000). With these principles to guide us, we considered the motion of the defendant for summary judgment.

The defendant contended that the deed is clear on its face and that evidence regarding an oral agreement is barred by the Statute of Frauds. On the other hand, the plaintiffs claimed that, in exchange for the plaintiffs conveying an interest in real estate to the defendant, the defendant orally promised to provide care to the plaintiff, Linda Marshall, during her cancer treatment. Further, the plaintiffs averred that the defendant breached this agreement by not providing such support. As a result, the plaintiffs contended that the agreement failed for lack of consideration and the conveyance must be set aside.

Contracts for the sale of land are required by the Statute of Frauds to be in writing. 33 P.S. §1. The writing offered must set forth the essential terms of the contract. *Long v. Brown,* 399 Pa. Super. 312, 582 A.2d 359 (1990). Where there is a signed and delivered deed, the Statute of Frauds is satisfied. *Id.* Further, oral land contracts will not be enforced unless the plaintiffs show sufficient "part performance," or the defendant admits in her pleadings that such an agreement was reached. *Lehner v. Montgomery,* 180 Pa. Super. 493, 119 A.2d 626 (1956).

The Statute of Frauds seeks to prevent fraud and perjury by eliminating one-sided verbal understandings regarding a transfer of an interest in land. *Kurland v. Stolker,* 516 Pa. 587, 533 A.2d 1370 (1987). Thus, oral contracts "cannot be inferred . . . from the declarations of one of the parties. To hold otherwise is tantamount to setting aside the statute of frauds." *Id.,* 516 Pa. at 596, 533 A.2d at 1375 (1987).

In this case, the plaintiffs signed a valid deed on April 16, 2004, transferring their interest in the subject property to the defendant. The consideration for this transfer, as stated in the deed, was $1. This deed was duly recorded by the defendant. Contrary to the deed, the plaintiffs alleged the existence of an oral agreement. In their complaint, the plaintiffs alleged that the "defendant promised plaintiff Linda L. Marshall that in exchange for conveying the subject premises to her, defendant would care for and tend to all of plaintiff Linda L. Marshall's personal needs throughout her recovery." Plaintiffs' complaint, paragraph 8. However, the plaintiffs did not reduce this alleged agreement to writing. Other than the bald allegations in their complaint, the plaintiffs have offered no evidence of an oral agreement.

We would note that at the time of oral argument, and in the briefs submitted to this court relating to this motion for summary judgment, reference was made to the deposition testimony of both the plaintiff and the defendant. Therein, the plaintiff reiterated the existence of an oral agreement while the defendant specifically denied that any oral contract between the parties was made. However, these depositions were not made part of the record as of the date of this court's order of December 12, 2005, granting summary judgment, and were not considered by this court in rendering that decision.

We would further note that the defendant attached to her brief in support of her motion for summary judgment, the sworn affidavit of James Higinbotham Jr., the attorney who prepared the deed. In that affidavit, he stated that he was not instructed to, nor did he prepare a separate written agreement containing conditions or restric-

tions for the conveyance of the real estate described in the deed. However, this affidavit was also not made part of the record as of this court's order, and was not considered by this court.

Here, as required by the Statute of Frauds, the contract for the sale of land was in writing—a signed, delivered, and recorded deed. Since the Statute of Frauds seeks to prevent fraud and perjury by eliminating one-sided verbal understandings regarding a transfer of an interest in land, we could not infer a separate oral agreement upon the allegations of one of the parties. Rather, the terms of the valid deed must prevail. The record in this case consisted of the complaint and answer and new matter. The plaintiffs did not reply to the new matter. From the record, it is clear that the plaintiffs rested upon the averments contained in their complaint. However, the law is clear that the non-moving party may not rest upon the averments contained in their pleadings. *Amabile v. Auto Kleen Car Wash, supra.* Thus, no genuine issue of material fact existed as to the plaintiffs' claim of failure of consideration and that, therefore, the defendant was entitled to judgment as a matter of law.