**Raintree Homes Inc. v. Birkbeck**

C.P. of Monroe County, nos. 3651 Civil 2001, 2358 Civil 2002.

*Marshall E. Anders,* for plaintiff.
*Gayle C. Sproul,* for defendants.

O'BRIEN, *S.J.,* August 19, 2010—Plaintiffs Raintree Homes Inc., and Chapel Creek Mortgage Banker Inc. bring this defamation action following a series of articles published in newspaper defendant Pocono Record, a division of defendant Ottaway Newspapers of Pennsylvania LP., including several written by defendant Matt Birkbeck. This series of articles, titled "A price too

high," ran from April 8, 2001 and reported on problems facing Pocono homeowners.

Plaintiff's first complaint, filed May 16, 2001, and docketed at 3651 CV 2001 (*Raintree I*), was brought on behalf of corporate plaintiffs Raintree and Chapel Creek for the articles in the print format. Plaintiffs' second complaint, filed April 5, 2001, and docketed at 2358 CV 2002 (*Raintree II*), was brought on behalf of corporate plaintiffs Raintree and Chapel Creek and individual Gene Percudani for the articles archived online. The articles present in both *Raintree I* and *Raintree II* are identical in both print and online medium, save that the headline of the August 8, 2001, article "Dishonest practices increase foreclosures, lower land values" in the print edition was changed to "Unreal deals" when placed online. We further note that, discussions of claims related to Percudani thus relate only to *Raintree II*.

As a result of a criminal investigation brought by the attorney general of Pennsylvania, a judge of this court ordered a stay of proceeding which lasted from May 23, 2002 through September 9, 2008. These consolidated proceedings were assigned to this judge in 2008 and preliminary rulings were entered by orders filed December 2, 2008, May 5, 2009, May 5, 2010, and May 25, 2010.

Both parties have filed multiple pretrial evidentiary motions, most of which will be deferred for decision at time of trial. Plaintiffs have also filed a motion to determine their status as public figures and defendants have filed a motion for summary judgment, which issues will be addressed first.

Following the closing of pleadings summary judgment may be granted as a matter of law where no genuine issues of material of fact exist. Pa.R.C.P. 1035.2. The moving party has the burden of proving that no genuine issues of material fact exist. *Thompson Coal Company v. Pike Coal Company,* 488 Pa. 198, 412 A.2d 466 (1979). The court must view the record in the light most favorable to the non-moving party and must resolve all doubts as to the existence of a genuine issue of material fact against the moving party. *Id.* at 204, 412 A.2d at 468-69. However, the non-moving party may not rely solely on their pleadings, but must set forth specific facts establishing a genuine issue for trial. *Phaff v. Gerner,* 451 Pa. 146, 303 A.2d 826 (1973). Our Pennsylvania Superior Court has held that "if a defendant is the moving party, he may make the showing necessary to support the entrance of summary judgment by pointing to materials which indicate that the plaintiff is unable to satisfy an element of his cause of action." *Lewis v. Philadelphia Newspapers Inc.,* 833 A.2d 185, 190 (Pa. Super. 2003) (citing *Basile v. H & R Block Inc.,* 777 A.2d 95, 100-01 (Pa. Super 2001)). Thus, a plaintiff's failure to put forward evidence supporting any element of his cause of action entitles the defendant to a grant of summary judgment. *Id.* (citing *Ertel v. Patriot-News Company,* 544 Pa. 93, 674 A.2d 1038, 1042 (1996)).

The burdens of proof in a defamation case are set forth at 42 Pa.C.S. §8343 as follows:

"(a) Burden of Plaintiff—In an action for defamation, the plaintiff has the burden of proving, when the issue is properly raised:

"(1) The defamatory character of the communication.

"(2) Its publication by the defendant.

"(3) Its application to the plaintiff.

"(4) The understanding by the recipient of its defamatory meaning.

"(5) The understanding by the recipient of it as intended to be applied to the plaintiff.

"(6) Special harm resulting to the plaintiff from its publication.

"(7) Abuse of a conditionally privileged occasion.

"(b) Burden of Defendant.—In an action for defamation, the defendant has the burden of proving, when the issue is properly raised:

"(1) The truth of the defamatory communication.

"(2) The privileged character of the occasion on which it was published.

"(3) The character of the subject matter of defamatory comment as of public concern." *Kurowski v. Burroughs,* 994 A.2d 611, 616 (Pa. Super. 2010).

Defendants primarily argue that summary judgment must be granted as an appropriate sanction as plaintiffs' actions led to the spoilage of evidence and prejudice to defendants. Our Pennsylvania Superior Court held that summary judgment is an available sanction where a party's actions have led to the spoilage of evidence. *Creazzo v Medtronic Inc.,* 903 A.2d 24 (Pa. Super. 2006). The Superior Court in *Creazzo* identified three factors the court must weigh in determining the appropriate sanction for spoilage: (1) degree of fault of the party altering or destroying evidence; (2) degree of prejudice suffered by opposing party; and (3) whether a lesser

sanction will avoid substantial unfairness to opposing party, and where offending party is seriously at fault "will serve to deter such conduct by others in the future." *Id.* at 29. In evaluating the first prong, the court must look to whether there was a duty to preserve evidence, as well as the presence or absence of bad faith. *Id.* A duty to preserve evidence is established where: "(1) the plaintiff knows that litigation against the defendants is pending . . . and; (2) it is foreseeable that discarding the evidence would be prejudicial to the defendants." *Id.* The *Creazzo* court further held that a potential remedy for loss or destruction of evidence is to allow a jury to apply their common sense and draw an adverse inference against the offending party. *Id.* The remedy of summary judgment is inappropriate except in the most egregious cases. *Id.*

While it is undisputed that the plaintiffs' have disposed of some relevant evidence concerning their transactions with some of their customers at issue in the articles about them, we conclude that summary judgment would be an excessive sanction against the plaintiffs. On the other hand, the defendants will be permitted to seek a sanction of adverse inference at time of trial with respect to the missing documentary evidence. We conclude that such a sanction will avoid substantial unfairness to the plaintiffs and provide reasonable relief to the defendants. Therefore, summary judgment will not be granted with respect to the corporate plaintiffs. However, this does not end our inquiry with respect to defendants' motion for summary judgment.

Although, individual plaintiff Gene Percudani, was not named as a plaintiff in the original proceeding, he was added in the subsequent proceeding filed with respect

to the same articles archived online. Plaintiffs' counsel at time of argument could offer no explanation as to why the individual was omitted from the initial complaint and added in the second.

Where a plaintiff in a defamation action is a public figure, Pennsylvania law requires that the plaintiff also prove that defendant published the article with "actual malice." *Joseph v. Scranton Times L.P.,* 959 A.2d 322, 338 (Pa. Super. 2008). Our Pennsylvania Superior Court in *Kurowski v. Burroughs,* 994 A.2d 611, 616 (Pa. Super. 2010), held that it is the function of the trial court to first determine whether a statement is capable of defamatory meaning. Relying on the decision in *Steaks Unlimited Inc. v. Deaner,* 623 F.2d 264, 270 (3d Cir.1980), the *Kurowski* court held that a statement is defamatory if "it tends to harm the reputation of another so as to lower him in the estimation of the community or deter third persons from associating or dealing with him." *Id.* It is not enough that the subject of the statements be embarrassed or annoyed. *Id.* at 617-18. As words standing alone may reasonably be interpreted as defamatory, the *Kurowski* court held that the court must construe the article as a whole, placing the statement in its proper context. *Id.* at 617-18. Our Pennsylvania Supreme Court also held that without more, words criticizing a corporation do not defame officers. *Volomino v. Messenger Publishing Company,* 410 Pa. 611, 612 n.1, 189 A.2d 873, 874 n.1 (1963) (citing *Binder v. Daily News Pub. Co. Inc.,* 33 Pa. Super. 411 (1907) Conclusions that requiring an "extravagant mental excursion" cannot impute defamatory meaning from statements about a corporation to an officer. *Volomino,* 410 Pa. at 613, 189 A.2d at 874.

Additionally, The United States Constitution and Pennsylvania Common Law require a plaintiff in a defamation action to prove the falsity of statements made where the speech in question regards a public concern. *American Future System Inc. v. Better Business Bureau of Eastern Pennsylvania,* 592 Pa. 66, 78 n.8, 923 A.2d 389, 396 n.8 (2007) (citing *Philadelphia Newspapers v. Hepps,* 475 U.S. 767, 777, 106 S.Ct. 1558, 1564, 89 L.Ed.2d 783 (1986)), The ruling in *Hepps* has been extended by the Pennsylvania Supreme Court to "require a defendant to prove the truth of a matter of public concern even if a public figure is not involved." *Tucker v. Philadelphia Daily News,* 577 Pa. 598, 625, 848 A.2d 113, 130 (2004). A plaintiff cannot prove falsehood if the statements are at least substantially true. *Dunlap v. Philadelphia Newspapers Inc.,* 301 Pa. Super. 475, 491-92, 448 A.2d 6, 15 (1982). The test is "whether the [alleged] libel as published would have a different effect on the mind of the reader from that which the pleaded truth would have produced." *Id.*

We first note that none of the plaintiffs are mentioned in the articles "Pocono builders assoc. members: video paints industry in a bad light," "Saving on attorney's fees could cost you", and "Lawmakers, AG discuss fraud probe." As such, we find that these articles incapable of defamatory meaning to Percudani. Similarly, the article "Blind to justice" does not mention Percudani. Although Raintree is mentioned in the article, no further statements are made that would attribute any type of misconduct to the corporation's officers. Applying *Volomino,* we find that this article does not contain a statement capable of defaming Percudani.

Articles "Unreal deals," "Bloated appraisals key to fraud," "Chamber to review builders," and " 30 People protest at Raintree Homes Inc." make brief mention that Percudani is president of Raintree and refused to offer a comment. No statements of misconduct are attributed to him. Statements that Percudani is the president of a company and has no comments on a controversy are not of the type that would harm his reputation in the community. Without further statements indirectly implicating Percudani for any alleged misdeeds of corporate plaintiffs, we cannot find these articles contain statements with defamatory meaning as to Percudani.

Next, article "Freddie Mac warns of Pocono loans" states that Percudani is under investigation by Freddie Mac. Percudani acknowledged receiving a letter from Freddie Mac prior to the publication of the article. Percudani acknowledged that Freddie Mac's investigation found him to "lack the integrity and/or business competence that Freddie Mac expects from person or organizations with which it does business, directly or indirectly, and which therefore presents it with an undue risk of loss." (Deposition of Percudani taken June 12, 2010, p. 715 lines 9-21.) Although the publication of Percudani's dealings with Freddie Mac may cause embarrassment and annoyance, we find the statements are not capable of further tarnishing his reputation. As such we find no defamatory meaning in these statements.

Finally, we turn to the article "Customers, experts describe seller's bait that slips away from trusting home buyers." This article again notes that Percudani is president of Raintree and declines to comment. As noted above, this statement is not capable of defamatory meaning. Similarly, the statement that Pocono Haven is Per-

cudani's first attempt to build homes in the Poconos is not capable of lowering his esteem in the community. As such we do not find it to be capable of defamatory meaning. Therefore, we conclude that summary judgment should be granted with respect to the individual plaintiff Gene Percudani in the proceeding captioned at 2358 Civil 2002.

We now turn to determine whether the remaining corporate plaintiffs are limited-purpose public figures. Mirroring Federal law, Pennsylvania law has held that a plaintiff in a libel case, including a corporation, may be found either to be an all purpose public figure or a limited purpose public figure. *American Future Systems Inc.,* 592 Pa. at 86, 923 A.2d at 401. All purpose public figures are the less common individual who achieves level of pervasive fame or notoriety such that they are a public figure in all contexts. *Id.* Conversely, the more common limited purpose public figure is one who voluntarily injects themselves or is drawn into a public controversy. *Id.* The person thus becomes a public figure for a limited range of issues. *Id.* The court must consider the "nature and extent of an individual's participation in the particular controversy giving rise to the defamation." Our Pennsylvania Supreme Court in *American Future Systems Inc.* held that a plaintiff may make themselves a limited purpose public figure through their own widespread advertising activities. *Id.,* at 90, 923 A.2d at 403. The Supreme Court held that the appellant's widespread advertisements demonstrated a voluntary effort to gain public attention. *Id.* However, merely advertising is not sufficient to establish status as a public figure. Adopting the Fourth Circuit's decision in *Blue Ridge Bank v. Veribanc Inc.,* 866 F.2d 681, 687 (4th Cir. 1989), our Supreme

Court held that there must be a "direct relationship between the promotional message and the subsequent defamation." *American Future Systems Inc.,* 592 Pa. at 89, 923 A.2d at 403.

In the instant case, Plaintiffs' marketing techniques were designed to garner public attention. Plaintiff Percudani's testimony admits that their commercials were marketed to New Jersey, New York, and Pennsylvania, and "received as far south as Puerto Rico and as far north as Vermont." (Deposition of plaintiff Percudani June 10, 2010 p. 103 lines 13-24.) Plaintiffs spent millions of dollars in promotion of their business through an extensive print, radio, and television campaign. We therefore find that plaintiffs voluntarily thrust themselves into public discussion. The articles giving rise to the instant lawsuit report on plaintiffs' marketing tactics. As such, we find that a subject-matter nexus exists. As the vast financial resources expended in the marketing campaign gave plaintiffs widespread radio, print, and television publicity, we find that plaintiffs possessed greater access to channels of effective communication than the average private citizen. Consistent with our Pennsylvania Supreme Court's holding in *American Future Systems Inc.,* we therefore find plaintiffs to be limited-purpose public figures.

While both counsel have filed numerous motions affording us the opportunity to preview numerous evidentiary rulings at trial, we decline to do so. All but one of those motions will be denied without prejudice to the party to raise the issue if in fact the challenged evidence is presented at time of trial. However, one issue needs to be addressed for purposes of trial planning. Plaintiff has filed a motion which provides as follows:

"3. That your movant, at the time of trial will seek to introduce the depositions of the following individuals taken in the *Lester vs. Percudani,* no. 3:CV 01-1182, United States District Court for the Middle District of Pennsylvania and *Acre vs. Spaner,* no. 3:CV04-832, United States District Court for the Middle District of Pennsylvania, based upon Rule 804(a)(iv) and (v) and 804(b)(i):

"A. Maureen Perih;

"B. Gerard A. Powell."

In response, the Defendants state the following:

"3. Denied. After reasonable investigation, defendants are without knowledge or information to form a belief as to the truth of the averments in this paragraph and therefore deny them. By way of further response, the Pocono Record states that neither Rule 804(a)(iv), Rule 804(a)(v), nor 804(b)(i) permits plaintiffs to introduce deposition testimony of witnesses taken in a different proceeding involving different parties and different issues and in which the Pocono Record did not have an opportunity to question the witnesses."

The Pennsylvania Rules of Evidence provide in pertinent part as follows:

"(1) *Former testimony.* Testimony given as a witness at another hearing of the same or a different proceeding, or in a deposition taken in compliance with law in the course of the same or another proceeding, if the party against whom the testimony is now offered, or, in a civil action or proceeding, a predecessor in interest, had an adequate opportunity and similar motive to develop the testimony

by direct, cross, or redirect examination." (Pa.R.E. 804(b)(1).)

Since the deposition testimony to be offered is from a proceeding in which these defendants were not parties and counsel for defendants did not take part, clearly the hearsay exception claimed by plaintiffs does not apply. Therefore, we conclude that such testimony will be excluded at time of trial. See also *Bugosh v. Allen Refractories Company,* 932 A.2d 901 (Pa. Super. 2007).

## ORDER

And now, August 4, 2010, it is ordered as follows:

(1) Defendants' motion for summary judgment is granted in part and denied in part. Judgment is granted against individual plaintiff Gene P. Percudani in the action captioned at no. 2358 CV 2002. The motion with respect to corporate plaintiffs is denied.

(2) The court finds that corporate plaintiffs, Raintree Homes Inc. and Chapel Creek Mortgage Banker Inc., are limited purpose public figures for purposes of these proceedings.

(3) Plaintiff shall be precluded at time of trial from introducing the deposition testimony of Maureen Perih and Gerard A. Powell taken in the *Lester v. Percudani* no. 3; CV 01-1182, United States District Court for Middle District of Pennsylvania proceeding.

(4) A pretrial conference shall be held on September 16, 2010 at 10:00 a.m. in a courtroom to be determined, Monroe County Courthouse, Stroudsburg, Pennsylvania.