**Bruno v. Stroud Mall Associates**

C.P. of Monroe County, No. 11936 CIVIL 2009

*John D. Lalley*, for plaintiff.
*Alicia M. Smith*, for defendants.

WILLIAMSON, *J.*, December 19, 2013—This matter comes before us on a motion for summary judgment filed by Stroud Mall Associates, Stroud Mall, LLC, CBL Associates and ERMC (hereafter "defendants") on October 8, 2013. On November 5, 2013, Jocelyne Bruno (hereafter "plaintiff") filed a response to defendants' motion for summary judgment. In the motion, defendants argue that summary judgment should be granted because there has been no breach of duty on the part of defendants. Defendants state that no facts have been plead by plaintiff that call into question any duty owed to the plaintiff for failure to maintain its premises. More specifically, defendants argue that plaintiffs own admissions establish that plaintiff knowingly stepped directly onto snow in a landscaping area of the premises where there is no pedestrian access. Defendants contend Pennsylvania case law clearly establishes that they have no responsibility to remove snow or ice from a non-pedestrian area or walkway. Defendants state that they owed no duty to plaintiff to remove snow from the non-pedestrian area where plaintiff allegedly fell.

Following initial pleadings, discovery, and depositions,

defendants filed the instant motion for summary judgment and a brief in support of the motion for summary judgment. Plaintiff then filed a response to defendants' motion for summary judgment and a brief in support of plaintiff's response to defendants' motion for summary judgment. Oral arguments on the matter were held on December 2, 2013.

## DISCUSSION

Summary judgment may be granted pursuant to Pennsylvania Rule of Civil Procedure 1035.2 where there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *Thompson Coal Co. v. Pike Coal Co.*, 412 A.2d 466, 468-69 (Pa. 1979). Summary judgment is properly entered where the pleadings, depositions, answers to interrogatories, and admissions, together with affidavits, demonstrate that no genuine, triable issue of fact exists and that the moving party is entitled to judgment as a matter of law. Pa. R.C.P. 1035(b); *Cosmas v. Bloomingdales Bros., Inc.*, 660 A.2d 83, 85 (Pa.Super. 1995).

Summary judgment may be granted only in cases where the right is clear and free from doubt. *Musser v. Vilsmeier Auction Co., Inc.*, 562 A.2d 279, 280 (Pa. 1989). The court must examine the record in the light most favorable to the non-moving party and resolve all doubts against the moving party. *Davis v. Pennzoil Co.*, 264 A.2d 597 (Pa. 1970). Moreover, the burden is on the moving party to prove that no genuine issue of material fact exists. *Long v. Yingling*, 700 A.2d 508,512 (Pa.Super. 1997). All doubts as to the existence of a genuine issue of material fact must be resolved against the moving party. *Thompson*, 412 A.2d at 469.

In response, the non-moving party may not rest upon the pleadings, but must set forth specific facts demonstrating a genuine issue for trial. *Phaff v. Gerner*, 303 A.2d 826 (Pa. 1973). The court may also accept as true all well-pled facts contained in the non-moving party's pleadings. *Mattia v. Employment Mut. Cos.*, 440 A.2d 616 (Pa.Super. 1982); *Ritmanich v. Jonnel Enters, Inc.*, 280 A.2d 570 (Pa.Super. 1971). A general denial is unacceptable and deemed an admission where it is clear that the non-moving party has adequate knowledge and that the means of information are within the control of the non-moving party. *Elia v. Olszewski*, 84 A.2d 1889 (Pa. 1951).

In this case, defendants argue that there is no genuine issue of material fact with regard to the duty owed to plaintiff. Defendants assert they owed no duty to plaintiff to clear a non-pedestrian area from snow and ice because it was not foreseeable that plaintiff would walk in that area to reach the defendants' premises. Specifically, defendants argue that plaintiff knowingly and admittedly stepped directly onto snow in a landscaping area which had no pedestrian access. Defendants further state that plaintiff failed to observe an open and obvious condition, and that plaintiff failed to use an alternate safe means of access to the Burger King located on defendants' premises. There is also a bank, additional restaurant and an indoor shopping mall located on defendants' premises.

Plaintiff argues there are genuine issues of material fact, and that summary judgment is not proper at this time. In support of this position, plaintiff states that a trier of fact should make a determination as to whether or not plaintiff walked through an area where the defendants knew or should have known that pedestrians would access the Burger King parking lot on defendant's premises. Plaintiff

argues that since the defendants provided no sidewalks in that area, plaintiffs only other choice was to walk up a snow covered, narrow, and very busy access roadway. Further, plaintiff states that defendants provided no alternate routes when they plowed in the only safe access area to the Burger King. Moreover, plaintiff claims that defendants knew or should have reasonably known that the area where plaintiff traversed was hard packed and dirt covered, evidencing common and recent pedestrian use.

In determining the standard of care owed by a possessor of land to those who enter upon the premises, both parties cite to the Pennsylvania Supreme Court case of *Carrender v. Fitterer*, 469 A.2d 120 (Pa. 1983). In that case, the court made a determination of the duty owed by a possessor to an invitee, which is to protect invitees from foreseeable harm. *Id.* at 123. The court went on to adopt the Restatement (Second) of Torts §§ 343 & 343A, which states that the possessor is subject to liability only if he,

"(a) knows or by the exercise of reasonable care would discover the condition, and should realize that it involves an unreasonable risk of harm to such invitee, and (b) should expect that they will not discover or realize the danger, or will fail to protect themselves against it, and (c) fails to exercise reasonable care to protect them against the danger." *Id.*

The court then went on to quote § 343A of the Restatement (Second) of Torts, stating that a "possessor of land is not liable to his invitees for physical harm caused to them by any activity or condition on the land whose danger is known or obvious to them, unless the possessor should anticipate the harm despite such knowledge or obviousness." *Id.* (quoting Restatement, supra, § 343A).

In further explaining the duty owed by a possessor of land to an invitee, the court went on to explain the terms "known" and "obvious" as used in the Second Restatement. According to the court, "a danger is deemed to be 'obvious' when 'both the condition and the risk are apparent to and would be recognized by a reasonable man, in the position of the visitor, exercising normal perception, intelligence and judgment.'" *Id.* (quoting Restatement, supra, § 343A cmt. b). The court further explained that "for a danger to be 'known', it must 'not only be known to exist...but also be recognized that it is dangerous and the probability and gravity of the threatened harm must be appreciated." *Id.* at 124 (quoting Restatement, supra, § 343A cmt. b.)

The court in *Carrender* also made a determination concerning the assumption of risk doctrine in the rule explained above, that a possessor of land is not liable to his invitees for obvious dangers. In doing so, the court stated,

"When an invitee enters business premises, discovers dangerous conditions which are both obvious and avoidable, and nevertheless proceeds voluntarily to encounter them, the doctrine of assumption of risk operates merely as a counterpart to the possessor's lack of duty to protect the invitee from those risks. By voluntarily proceeding to encounter a known or obvious danger, the invitee is deemed to have agreed to accept the risk and to undertake to look out for himself. It is precisely because the invitee assumes the risk of injury from obvious and avoidable dangers that the possessor owes the invitee no duty to take measures to alleviate those dangers. Thus, to say that the invitee

assumed the risk of injury from a known and avoidable danger is simply another way of expressing the lack of any duty on the part of the possessor to protect the invitee against such dangers. *See Jones v. Three Rivers Management Corp.*, 483 Pa. 75, 394 A.2d 546 (1978) (operator of baseball park owes no duty to guard against common, frequent, and expected risks of baseball; duty extends only to foreseeable risks not inherent in baseball activity)."

*Id.* at 125 (internal citations omitted). Taking the above into consideration, and applying the arguments set forth by both parties, this court believes there to be genuine issues of material fact, and therefore, must deny defendants' motion for summary judgment.

Denying defendants' motion for summary judgment at this time is proper for several reasons. First, plaintiff raises the issue of whether other pedestrians were using the same path which plaintiff took when she slipped and fell. This court believes there to be a genuine issue of material fact about whether defendants knew or should have known that the area where plaintiff traversed through the snow pile was hard and dirty, evidencing pedestrian traffic through that area. Plaintiff has asserted this issue in her response and affidavit attached to plaintiffs response to defendants' motion for summary judgment, and in plaintiffs brief in support. Being a well-pled fact raised by plaintiff, this court accepts it as true since it is uncontroverted at this time by defendants. *See Mattia v. Employment Mut. Cos.*, 440 A.2d 616 (Pa. Super. 1982); *Ritmanich v. Jonnel Enters, Inc.*, 280 A.2d 570 (Pa. Super. 1971).

This court also believes there to be a logical inference raised by the assertion that defendants knew or should

have known other pedestrians were using the area where plaintiff fell. That inference is that plaintiff would have a duty to plaintiff if defendants had or reasonably should have had knowledge of the use of the passageway by other pedestrians. We recognize the likely lack of any duty on the part of the defendants to protect a plaintiff against the danger of walking through snow piles. *See generally Carrender*, 469 A.2d at 152. However, plaintiff stated in her deposition there was no way to go straight over the snow piles to get to the entrance of the Burger King, and that she took a path which "looked clean" and plaintiff "could see the ground and tried little by little to go down." (Pl.'s dep. 21: 1-14, June 13, 2013). Plaintiff took a knowing and obvious risk in traversing over the snow piles. However, by accepting as true the fact that the pathway taken by plaintiff seemed to have been used by other pedestrians, there is an issue of defendants' awareness of such use. If defendants did know, or reasonably should have known of the use of this passageway by pedestrians in general, it could be a foreseeable risk not to provide some alternate means of egress, or take steps to ensure the passageway was free and clear from snow. The issue of the pathway through the snow bank, and defendants' knowledge or foreseeable knowledge of this risk, is a question of fact for the jury.

Finally, this court believes there to be a genuine issue as to the material fact of whether there was an alternate safe route for plaintiff to traverse to Burger King. In their motion for summary judgment, defendants argue that plaintiff walked along Route 611 and entered into the area of Wayne Bank and attempted to cross over from the Wayne Bank parking area into the Burger King parking area from the two lane vehicle access road that leaves Route 611 to

enter the mall complex. (Defs.' mot. for summ. J. ¶ 5). Defendants argue that instead of walking along Route 611 and around the Burger King to a pedestrian entrance, the plaintiff walked across the two lane roadway from Wayne Bank to the Burger King, where there were no sidewalks. (*Id.* ¶ 10). By doing so, defendants argue plaintiff did not avail herself of the alternative safe route of walking around the Burger King on Route 611 to the pedestrian entrance, thereby relieving them of any duty owed to plaintiff.

Plaintiff argues that no such route existed as an available option on that day. Plaintiff asserts that the pedestrian entrance way defendants describe were actually vehicular entrance ways which, if plaintiff would have had to access them, she would still have to walk against the oncoming traffic on a busy access road with no sidewalks. (Pl.'s br. in supp. of resp. to mot. for summ. J. p. 4). Further, plaintiff argues that her choice to access the Burger King parking lot through the snow piles where it appeared as though pedestrian traffic had traveled was the only available safe alternative route to traverse. (*Id.*) This is a factual issue for a jury. Moreover, plaintiff argues that defendants cannot claim they owe no duty to plaintiff, an invitee, after inviting her onto the property and then not providing, what plaintiff believes, to be any reasonably safe access to the property.

Taking both defendants' and plaintiffs arguments into consideration, this court believes there to be a genuine issue as to the material fact of whether defendants provided any reasonably safe alternative means to access the premises. This issue, basically whether the short cut taken by plaintiff was avoidable, is in question. Defendants have argued that plaintiff could have walked around the Burger King on Route 611 and entered the premises through the

entrances on that side of the parking lot. Plaintiff has argued no available safer means to access the premises were provided. Furthermore, plaintiff believes the route suggested by defendants would have required plaintiff to walk against oncoming traffic on a busy roadway already congested with snow piles on either side.

Accordingly, viewing the evidence in a light most favorable to the non-moving party, this court finds there are genuine issues of material facts as presented though the pleadings, depositions, oral arguments, exhibits and admissions of both plaintiff and defendants. As such, summary judgment is not appropriate at this time, and we enter the following order.

## ORDER

And now, this 19th day of December, 2013, upon consideration of defendants' motion for summary judgment, the same is denied.