## Mount Pocono Motel Inc. v. Tuscarora Wayne Insurance Co.

C.P. of Monroe County, No. 9534 CIVIL 2013

*Mark A. Primrose and Matthew Jinks*, for plaintiffs.
*Hema Patel Mehta and Alan S. Battisti*, for defendants.

WILLIAMSON, *J.*, July 8, 2014—This matter comes before us on a motion for summary judgment filed by Tower Insurance Company of New York (hereafter "defendant Tower") on April 16, 2014. On May 14, 2014,

Mount Pocono Motel, Inc. and Mobashar Zafar (hereafter "plaintiffs") filed an answer to defendant Tower's motion for Summary Judgment. In the motion, defendant Tower argues that the "Fungi or Bacteria Exclusion" provision contained in the insurance policy issued by defendant Tower applies to plaintiffs. Defendant Tower argues that such provisions in insurance contracts are enforceable against the policy holder in order to bar indemnification for bodily injury resulting from fungi and bacteria. Essentially, defendant Tower seeks summary judgment because the allegations against plaintiffs in a separate but related cause of action arise from bodily injuries allegedly sustained because of mold, which is clearly and unambiguously excluded by the policy. Furthermore, defendant Tower argues that its policy does not provide coverage for the bodily injuries which arose before the policy period. For these reasons, defendant Tower seeks summary judgment on its behalf.

In response, plaintiffs argue that this court should require defendant Tower to defend and indemnify plaintiffs because the sample tests taken of the substance in the underlying matter were limited to mold, yet other substances may have existed and caused the harm. In other words, plaintiffs state that the information regarding the tested substances defendant Tower is using to deny coverage purport to depict mold because that was what the testing of the substance was limited to. Plaintiffs state that the presence of other substances and elements were never explored through the testing process. Thus, according to plaintiffs, this court should require defendant Tower defend plaintiffs because other contaminants will be demonstrated to be present. These other contaminants, according to plaintiffs, will fall outside of the coverage exclusion found in the policy and thus require defendant

Tower to defend plaintiffs. Furthermore, plaintiffs argue that discovery in this, and the underlying matter is still ongoing, and therefore the evidentiary record is not sufficiently developed to allow for summary judgment to be granted.

Plaintiffs filed the underlying complaint in declaratory judgment on November 14, 2013. Defendant Tower filed an answer, new matter and new matter cross claim on January 27, 2014. Plaintiffs filed a reply to defendant Tower's new matter and new matter cross claim on March 7, 2014. Defendant Tower filed the instant motion for summary judgment and a brief in support on April 16, 2014. Plaintiffs filed an answer to the motion for summary judgment on May 14, 2014. Plaintiffs then filed a brief in opposition to defendant Tower's motion for summary judgment on May 28, 2014. Subsequently, defendant Tower filed a reply to plaintiffs response to its motion for summary judgment on May 30, 2014. A stipulation of counsel was filed on May 30, 2014, waiving oral arguments and allowing this matter to be decided on the briefs. After review of the parties' motions and briefs, and in considerations of the representations made therein, we are ready to dispose of the motion.

## DISCUSSION

Summary judgment may be granted pursuant to Pennsylvania Rule of Civil Procedure 1035.2 where there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *Thompson Coal Co. v. Pike Coal Co.*, 412 A.2d 466, 468-69 (Pa. 1979). Summary Judgment is properly entered where the pleadings, depositions, answers to interrogatories, and admissions, together with affidavits, demonstrate that no genuine, triable issue of fact exists and that the moving

party is entitled to judgment as a matter of law. Pa. R.C.P. 1035(b); *Cosmas v. Bloomingdales Bros., Inc.*, 660 A.2d 83, 85 (Pa. Super. 1995).

Summary judgment may be granted only in cases where the right is clear and free from doubt. *Musser v. Vilsmeier Auction Co., Inc.*, 562 A.2d 279, 280 (Pa. 1989). The court must examine the record in the light most favorable to the non-moving party and resolve all doubts against the moving party. *Davis v. Pennzoil Co.*, 264 A.2d 597 (Pa. 1970). Moreover, the burden is on the moving party to prove that no genuine issue of material fact exists. *Long v. Yingling*, 700 A.2d 508, 512 (Pa. Super. 1997). All doubts as to the existence of a genuine issue of material fact must be resolved against the moving party. *Thompson*, 412 A.2d at 469.

In response, the non-moving party may not rest upon the pleadings, but must set forth specific facts demonstrating a genuine issue for trial. *Phaff v. Gerner*, 303 A.2d 826 (Pa. 1973). The court may also accept as true all well-pled facts contained in the non-moving party's pleadings. *Mattia v. Employment Mut. Cos.*, 440 A.2d 616 (Pa. Super. 1982); *Ritmanich v. Jonnel Enters, Inc.*, 280 A.2d 570 (Pa. Super. 1971). A general denial is unacceptable and deemed an admission where it is clear that the non-moving party has adequate knowledge and that the means of information are within the control of the non-moving party. *Elia v. Olszewski*, 84 A.2d 1889 (Pa. 1951).

The instant motion for summary judgment requires us to determine whether, at this stage of the proceedings, defendant Tower can deny coverage to plaintiffs for injuries sustained by Luis Noriega in the underlying complaint currently pending with this court.[1] As stated

---

1. As referenced throughout this opinion, the underlying cause of action / complaint concerns the case docketed at 2009 CV 2880, Monroe

above, defendant Tower asks this court to grant summary judgment for two central reasons. First, defendant Tower argues that the "Fungi or Bacteria Exclusion" provision, found in the insurance contract between defendant Tower and plaintiffs, applies to bar coverage for the claims alleged by Mr. Noriega in the underlying cause of action. Defendant Tower argues that the specific provision is unambiguous and should be enforced against plaintiffs. Further, defendant Tower asserts that similar exclusion provisions have been found to be enforceable by other courts in Pennsylvania in analogous cases.

---

County Court of Common Pleas — *Luis Noriega v. Mt. Pocono Motel, Inc.*, and Mobashar Zafar. Def. Tower Insurance Company of New York's mot. for summ. j. ex. A. In that case, plaintiff Luis Noriega filed suit against defendants Mt. Pocono Motel, Inc. and Mobashar Zafar for injuries and damages sustained due to the presence of mold. Allegedly, the mold was located in Room #129, which Mr. Noriega rented from Mt. Pocono Motel and Mobashar Zafar. Mr. Noriega began renting Room #129 in 2004, and resided there continuously until April 11, 2009. Mr. Noriega alleges that shortly after he began residing in Room #129 he began to suffer from flu-like symptoms, was constantly sick, and began to suffer from chest and breathing problems. Mr. Noriega further alleges that in March of 2008 he discovered mold growth in the crawl space behind his room that was permeating through the walls of his room.

Mr. Noriega's complaint goes on to allege that he notified Mt. Pocono Motel and Mobashar Zafar of the mold; however, they failed to investigate or fix the mold problem. Mr. Noriega claims that in March of 2008 he had the air quality of his room tested, and that such testing reflected high mold content. After further notice and more extensive testing on March 9, 2009, Mr. Noriega alleges that physical mold was observed throughout Room #129, along with a presence of high levels of toxic mold. Mr. Noriega has attached copies of the inspections done on his room to his complaint. Finally, Mr. Noriega claims that after notifying Mt. Pocono Motel and Mobashar Zafar of the presence of toxic mold, and their failure to correct the problem, he was forced to leave his residence at Mt. Pocono Motel Room #129 and secure alternative housing.

Mr. Noriega has alleged two counts in his complaint, one for negligence and the other for misrepresentation. Through his complaint, Mr. Noriega claims that the actions of Mt. Pocono Motel and Mobashar Zafar caused him to suffer toxic exposure to mold resulting in bodily injuries, sicknesses and illnesses. Mr. Noriega is seeking damages for the injuries sustained and the treatment necessary to correct those injuries as a result of the alleged actions of Mt. Pocono Motel and Mobashar Zafar.

Second, defendant Tower alleges that the occurrence and bodily injury to Mr. Noriega actually happened outside of the policy period, and therefore, the policy does not allow for coverage of the injuries to Mr. Noriega. In support of this position, defendant Tower argues that the occurrence, or harm to Mr. Noriega, happened in 2004, as alleged in the underlying cause of action. Defendant Tower states that Mr. Noriega's complaint claims that after he moved into the apartment in 2004, he began suffering from flu-like symptoms, chest pains and was constantly sick. Further, defendant Tower asserts that the other allegations raised in the underlying cause of action happened prior to the effective date of the policy. Defendant Tower vehemently contends that the policy in question did not take effect until October 15, 2008, four years after Mr. Noriega moved into the unit and began feeling ill, and six months after he confirmed that there was high mold content in the apartment. Defendant Tower emphasizes that since the mold existed as early as 2004, and Mr. Noriega's illnesses began in 2004, the occurrence and bodily injury fall outside of the policy period. Defendant Tower concludes that Mr. Noriega's claim does not come within the policy period, leaving defendant Tower with no duty to defend or indemnify plaintiff in Mr. Noriega's cause of action.

Defendant Tower's final argument is that Mr. Noriega's claim for misrepresentation in the underlying cause of action does not constitute an occurrence within the policy period. Defendant Tower argues that Pennsylvania courts and courts applying Pennsylvania law have held that intentional acts, including intentional misrepresentations, are not covered as "occurrences" under a general liability insurance policy. Therefore, defendant Tower states that Mr. Noriega's claims that plaintiffs were aware prior to renting the room that there was mold growth, and failed

to disclose this to Mr. Noriega are not "occurrences" covered under the insurance policy. Finally, defendant Tower asserts that since Mr. Noriega alleged that plaintiffs engaged in intentional acts, the "expected or intended exclusion" provision of the insurance policy applies to bar coverage by defendant Tower.

Plaintiffs claim that the "Fungi or Bacteria Exclusion" does not bar coverage under the policy because the testing referred to in Mr. Noriega's allegations was limited to only detect the presence of mold. Plaintiffs assert that the presence of other substances and elements were never explored through the testing employed by Mr. Noriega, and thus, not yet alleged in the underlying cause of action. Plaintiffs argue that this court should deny defendant Tower's motion and declare that defendant Tower defend plaintiffs because other contaminates will be demonstrated to have been present, which contributed to Mr. Noriega's injuries. Plaintiffs state that the other contaminates will fall outside of the exclusion and thus trigger coverage. Plaintiffs also make note that discovery is still ongoing in both this action and the underlying cause of action filed by Mr. Noriega. Therefore, plaintiffs claim the evidentiary record is not sufficiently developed in either case to support the entry of judgment at this stage.

Further, plaintiffs argue that Mr. Noriega's allegations in the underlying cause of action make vague averments as to when the injury complained of actually occurred. Specifically, plaintiffs assert that Mr. Noriega's complaint does not allege that he immediately became ill after moving into the unit in 2004, and no specific time frame is provided. Plaintiffs claim that the ambiguity in time referenced in the underlying complaint could reasonably be implied to cover the time period in which defendant Tower's insurance policy was in effect. Therefore, because of this uncertainty,

plaintiffs argue summary judgment is not appropriate. Finally, plaintiffs take the position that the "expected or intended injury exclusion" does not bar coverage or indemnification because, although the conduct of plaintiffs is alleged to be knowing and intentional, Mr. Noriega's complaint avers various theories of liability falling outside of that exclusion. For these reasons, plaintiffs request this court deny defendant Tower's motion.

Without making factual determinations regarding the allegations raised by Mr. Noriega in the underlying cause of action, we agree in part with defendant Tower in its motion, and grant summary judgment with respect to the "Fungi or Bacteria Exclusion" barring coverage for injuries sustained by Mr. Noriega due specifically to the presence of mold. As such, we need not address the other issues in defendant's motion for summary judgment.

In making the above determinations, we are instructed by the Pennsylvania Supreme Court that the "primary goal in interpreting a policy, as with interpreting any contract, is to ascertain the parties' intentions as manifested by the policy's terms. When the language of the policy is clear and unambiguous, [we must] give effect to that language." *Kvaerner Metals Division of Kvaerner U.S., Inc. v. Commercial Union Insurance Co.*, 908 A.2d 888, 897 (Pa. 2006). Further, we are told that where a provision in the policy is ambiguous, "the policy is to be construed in favor of the insured to further the contract's prime purpose of indemnification and against the insurer, as the insurer drafts the policy, and controls coverage." *Id.*

The Pennsylvania Supreme Court has also stated that in a declaratory action to determine if a claim made by an insured is covered, it is the court which determines the question of coverage. *American and Foreign Insurance Co. v. Jerry's*

*Sport Center, Inc.*, 2 A.3d 526, 542 (Pa. 2010). Specifically, we are instructed by the court that it is this court's role to resolve questions regarding coverage and to eliminate the uncertainty of such coverage. *Id.* In expounding on this position, the court has held that "if the insurer is successful in the declaratory judgment action, it is relieved of the continuing obligation to defend. The court's resolution of the question of coverage does not, however, retroactively eliminate the insurer's duty to defend the insured during the period of uncertainty." *Id.* The court has cautioned insurance providers that where a claim "potentially may become one which is within the scope of the policy, the insurance company's refusal to defend at the outset of the controversy is a decision it makes at its own peril." *Id.*

With these principles in mind, and in reviewing the terms of the commercial general liability coverage applicable to the matter at hand, we first find that defendant Tower is entitled to summary judgment with respect to the "Fungi or Bacteria Exclusion" found within the policy in question. We find the language in the exclusion to be clear and unambiguous in nature. The exclusion provision specifically states in Paragraph A., Subsection 2, Part a. that the insurance does not apply to

> "'Bodily injury' or 'property damage' which would not have occurred, in whole or in part, but for the actual, alleged or threatened inhalation of, ingestion of, contact with, exposure to, existence of, or presence of, any 'fungi' or bacteria or within a building or structure, including its contents, regardless of whether any other cause, event, material or product contributed concurrently or in any sequence to such injury or damage."

Def. Tower Insurance Company of New York's mot. for summ. j. ex. B. Further in Paragraph C. of this exclusion

the following provision is added to the definitions section: "'Fungi' means any type or form of fungus, including *mold* or mildew and any mycotoxins, spores, scents or byproducts produced or released by fungi." *Id.* (emphasis added). This language clearly expresses the intent of defendant Tower in not providing coverage for bodily injury or property damage as the result of fungi or bacteria found in the covered property. As such, we grant summary judgment in favor of defendant Tower, and find that defendant Tower has no duty to defend or indemnify plaintiffs with respect to allegations concerning bodily injury or property damage resulting from fungi or bacteria. This same language bars recovery for damages under either of the theories raised by Mr. Noriega in his complaint because the causation is the same: presence of mold.

In granting summary judgment in favor of defendant Tower, we do not dismiss the possibility that defendant Tower may be required to defend and indemnify plaintiffs with respect to bodily injury sustained by Mr. Noriega resulting from other contaminates present in Mr. Noriega's room during the time in which he resided there. However, at this time, there are no allegations in the Noriega complaint beyond his claim of damages from the presence of mold. There are no claims of other contaminants or causes of injury in the Noriega complaint. All claims are the result of damages from mold. Therefore, there are no other theories of recovery alleged for which the insurance policy issued by Tower would cover.

Likewise, we find that defendant Tower is also entitled to summary judgment with respect to Mr. Noriega's requests for punitive damages in the underlying cause of action. Such damages are related to injury from the presence of mold. Furthermore, it is against the great weight of public

policy to require an insurer to indemnify an insured for acts, either intentional or unintentional, which a jury finds fit to award punitive damages. As is well known in this Commonwealth, the nature of a punitive damage award is to punish an individual litigant for misconduct. Therefore, we find as a matter of law that defendant Tower is not required to indemnify plaintiffs with respect to any award for punitive damages, and also grant summary judgment, to the extent that issue is viewed separately from the underlying cause of action for personal injury due to mold.

## ORDER

And now, this 8th Day of July, 2014, upon motion of defendant Tower for summary judgment, it is ordered and decreed as follows:

1. Summary judgment due to the "Fungi or Bacteria Exclusion" is granted.

2. Summary judgment prohibiting indemnification for punitive damages against plaintiffs in the underlying cause of action is granted, and defendant Tower is not required to indemnify such damages as they may arise.

3. This matter is dismissed as between plaintiffs and defendant Tower Insurance Company of New York.